FIRST OF AMERICA TRUST COMPANY, as Trustee, Plaintiff-Appellant, v. THOMAS L. ARMSTEAD, as State Fire Marshal, *et al.*, Defendants-Appellees.

Third District   No. 3—94—0193

Opinion filed February 1, 1995.

Diana M. Jagiella and Frederick G. Hoffman, both of Howard & Howard, of Peoria, for appellant.

Michael O'Neil, of Keck, Mahin & Cate, of Chicago, and Robert M. Riffle, of Keck, Mahin & Cate, of Peoria, for appellees.

JUSTICE LYTTON delivered the opinion of the court:
Plaintiff, First of America Trust Company, as trustee of the Emil A. Harbers Trust, appeals from a judgment order of the circuit court of Peoria County confirming a decision of Thomas L. Armstead, Illinois State Fire Marshal, and the Office of the State Fire Marshal (OSFM) which denied plaintiff's request for registration of three underground storage tanks (USTs). Plaintiff contends that the court erred in giving retrospective application to a September 15, 1992, amendment to section 4(b)(1) of the Gasoline Storage Act (GSA) (430 ILCS 15/4(b)(1) (West 1992)). We agree and reverse that ruling; however, we affirm the denial of attorney fees sought by plaintiff.

## BACKGROUND

Illinois has established an Underground Storage Tank Fund (Fund) to reimburse owners and/or operators of USTs for the corrective actions taken in response to a release or a substantial threat of a release of petroleum from a UST. (415 ILCS 5/22.18b, 22.18c (West 1992).) An owner or operator of a UST is eligible to receive money from the Fund if the tank has been registered under section 4 of the Gasoline Storage Act (430 ILCS 15/4 (West 1992)). 415 ILCS 5/22.18b (West 1992).

■ Plaintiff holds certain real estate in Peoria which was used as a gasoline station until 1962. Three USTs located on the property were used to store and dispense gasoline when the station was in operation. Since 1962, the USTs have not been used but do contain a small quantity of petroleum and petroleum residue. On March 15, 1992, plaintiff submitted an application for registration of the three USTs to OSFM pursuant to the applicable statute then in effect, section 4(b)(1)(A) of the Gasoline Storage Act (Ill. Rev. Stat. 1991, ch. 127¹/₂, par. 156(b)(1)(A)):

"The owner of an underground storage tank \*\*\* which at any time between January 1, 1974, and September 24, 1987 *contained* petroleum or petroleum products \*\*\* shall register the tank with the Office of the State Fire Marshal." (Emphasis added.)

Plaintiff's application for registration was rejected because OSFM construed the requirement that the tanks "contained petroleum" after 1974 to mean that the tanks must have been in use after 1974. On September 9, 1992, after an administrative hearing, Armstead issued an administrative order denying registration on that basis.

Effective September 15, 1992, Public Act 87—1088 (Pub. Act 87—1088, eff. September 15, 1992) amended the applicable statute, now section 4 of the Gasoline Storage Act, to provide:

"The owner of an underground storage tank that was not taken out of operation before January 2, 1974, and that at any time between January 1, 1974, and September 24, 1987, contained petroleum or petroleum products \*\*\* shall register the tank with the Office of the State Fire Marshal. No underground storage tank taken out of operation before January 2, 1974, may be registered under this Act." (430 ILCS 15/4(b)(1)(A) (West Supp. 1993).)

Plaintiff filed an administrative review action in the circuit court on October 13, 1992.

## UST REGISTRATION BEFORE THE 1992 AMENDMENT

■ The trial court ruled that plaintiff was entitled to register under the prior law, rejecting OSFM's argument that even before the amendment, tanks not in operation after January 1, 1974, were not eligible for registration. The plain language of the statute provided that all tanks *containing* petroleum after January 1, 1974, were to be registered. The court rejected OSFM's argument that the words "containing petroleum" mandate the "use" or "operation" of the USTs. "Operation" was not mentioned in the statute prior to amendment and had no bearing as to eligibility for registration. The trial court correctly ruled that OSFM erred in denying plaintiff's original application.

## PROSPECTIVE APPLICATION OF AMENDMENT

■ However, the trial court also ruled that plaintiff could not now register its USTs because of the September 1992 amendment. Plaintiff contends that Public Act 87—1088 should be applied prospectively, not retroactively. Generally, amendments are presumed to be prospective in application. (*Rivard v. Chicago Fire Fighters Union, Local No. 2* (1988), 122 Ill. 2d 303, 309, 522 N.E.2d 1195, 1198.) Retroactive application of an amendment affecting eligibility for the Illinois UST program was not allowed in *Rockford*

*Drop Forge Co. v. Pollution Control Board* (1991), 221 Ill. App. 3d 505, 512, 582 N.E.2d 253, 258, where the court said:

"A statutory amendment cannot be given retroactive effect in the absence of a clear expression of legislative intent to do so."

Nothing in Public Act 87—1088 indicates any legislative intent to apply the new restriction retroactively.

Since Public Act 87—1088 is not to be given retroactive effect, OSFM could not use that amendment as grounds for revoking an otherwise valid UST registration. If plaintiff's application had been granted at the time it was submitted, as the law then required, its USTs would now be registered without regard to the new restriction. Fundamental fairness requires that OSFM's patently wrongful denial of plaintiff's application under the old law should not be the means by which plaintiff can now be deprived of its right to register its USTs. The statute as amended by Public Act 87—1088 applies to all UST owners and operators applying for registration after September 15, 1992, but the amendment does not apply to those who, like plaintiff, filed proper applications before the effective date of the amendment.

## ATTORNEY FEES

Plaintiff contends that the trial court erred in refusing to award attorney fees pursuant to section 10—55(c) of the Illinois Administrative Procedure Act (5 ILCS 100/10—55(c) (West 1992)), which authorizes the awarding of costs, including attorney fees, in any case where an administrative rule is invalidated by the court. Plaintiff argues that the denial of its application by OSFM was in effect a rule of the agency that is invalidated by a decision in favor of plaintiff.

The denial of plaintiff's application for registration was an administrative decision of OSFM, not adoption of a rule by an administrative agency within the meaning of section 10—55(c). (*Gonzales-Blanco v. Clayton* (1983), 120 Ill. App. 3d 848, 458 N.E.2d 1156.) The trial court properly denied plaintiff's request for attorney fees.

We reverse the Peoria County circuit court's denial of plaintiff's request for registration and affirm the denial of attorney fees.

Reversed in part; affirmed in part.

McCUSKEY and SLATER, JJ., concur.