OK TRUCKING COMPANY, Plaintiff-Appellant, v. THOMAS L. ARM-STEAD, State Fire Marshal, *et al.*, Defendants-Appellees.

First District (6th Division)    No. 1—93—3810

Opinion filed July 14, 1995.

Cosby & Bell, P.C., of Chicago (Richard W. Cosby, of counsel), for appellant.

Keck, Mahin & Cate, of Chicago (Michael O'Neil, Special Assistant Attorney General, of counsel), for appellees.

JUSTICE ZWICK delivered the opinion of the court:

Plaintiff, OK Trucking Co., appeals from a judgment order of the circuit court of Cook County affirming a decision of Thomas L. Armstead, Illinois State Fire Marshal, and the office of the State Fire Marshal (OSFM) which revoked registration of one petroleum storage tank and which denied the registration of two others under the Gasoline Storage Act (the Act) (430 ILCS 15/0.01 *et seq.* (West 1992)). We affirm the judgment of the circuit court.

In 1967, plaintiff purchased a truck terminal facility located at 1940 West 33rd Street in Chicago. The record is unclear as to the number of underground petroleum tanks on the property at the time the land was purchased, but does indicate that there was at least one underground tank which was unknown to plaintiff on the property at this time. Plaintiff later designated this tank as tank 3.

By the spring of 1986, plaintiff had at least four underground tanks in active use which it later designated as tanks 1, 2, 4 and 5.

On April 22, 1986, plaintiff registered tank 1 and tank 2 pursuant to section 4 of the Act and removed from the ground tank 4 and tank 5. Plaintiff did not attempt to register tank 4 or tank 5 at this time.

On July 28, 1989, the Illinois General Assembly amended the Environmental Protection Act to allow the Underground Storage Tank Fund (Fund) to reimburse owners and/or operators of underground storage tanks for the release of petroleum products into the ground. (415 ILCS 5/22.18b, 22.18c (West 1992).) An owner or operator of an underground tank became eligible to receive reimbursement for corrective action or indemnification from the Fund only if a series of conditions were met, including the condition that any tank releasing petroleum was properly registered under section 4 of the Act (430 ILCS 15/4 (West 1992)). 415 ILCS 5/22.18b(a)(4).

In October of 1990, plaintiff discovered tank 3 while removing tanks 1 and 2 from the ground. At that time tank 3 contained 350 to 400 gallons of petroleum contaminated with water. Tank 3 was removed and destroyed. Subsequently, on October 22, 1990, plaintiff notified OSFM of the discovery of tank 3 and remitted a registration and late fee.

On March 18, 1992, plaintiff sent registration forms for tank 4 and tank 5 to OSFM. Plaintiff did so even though these tanks had been removed from the ground nearly six years earlier, in April of 1986.

On June 18, 1992, OSFM sent a letter to plaintiff stating that tanks 3, 4 and 5 could not be registered. The letter rescinded the registration of tank 3 and denied the registration of tanks 4 and 5.

On September 15, 1992, the General Assembly amended section 4 of the Act. Plaintiff concedes that it would not be entitled to register tanks 3, 4 and 5 under the amended statute.

Plaintiff initially contends that the OSFM acted improperly in denying registration for tanks 3, 4 and 5, by giving retrospective application to the September 15, 1992, amendment to section 4(b)(1) of the Act (430 ILCS 15/4(b)(1) (West 1992)). Plaintiff points to section 4 of the Act at the time it attempted to register its tanks, which provided:

> "The owner of an underground storage tank, which at any time between January 1, 1974, and September 24, 1987 contained petroleum *** shall register the tank with the Office of the State Fire Marshal." (Ill. Rev. Stat. 1989, ch. 127½, par. 156(b)(1).)

Plaintiff argues that a plain reading of the statute required OSFM to accept its registration of tanks 3, 4 and 5 because all three tanks "contained petroleum" while in the ground sometime between January 1, 1974, and September 24, 1987.

OSFM disagrees with plaintiff's interpretation of the September

15, 1992, amendments to section 4 and argues that the General Assembly, in amending the Act, merely clarified the law as it had always existed. Section 4 as amended now states in part:

> "The owner of an underground storage tank that was not taken out of operation before January 2, 1974, and that at any time between January 1, 1974, and September 24, 1987, contained petroleum *** shall register the tank with the Office of the State Fire Marshal. No underground storage tank taken out of operation before January 2, 1974, may be registered under this Act. No underground storage tank otherwise required to be registered under this subparagraph (A) may be registered under this Act if that tank was removed before September 24, 1987." (430 ILCS 15/4(b)(1)(A) (West 1994).)

In any event, OSFM takes the position that tanks 3, 4 and 5 were not registerable under the former version of section 4 because none of the tanks were in existence at the time plaintiff attempted to register them.

■ The parties have devoted a significant amount of effort arguing the merits of whether the former or amended provisions of section 4 should control this case. We note, however, that the appellate court recently decided the case of *First of America Trust Co. v. Armstead* (1995), 269 Ill. App. 3d 432, *appeal allowed* (1995), 162 Ill. 2d 566. In *First of America*, the court held that the 1992 amendments to the Act created substantive changes in what storage tanks could be registered under section 4 and that registrants who had timely attempted to register under the terms of the former section were entitled to have their registrations processed by OSFM under the former law. The *First of America* opinion specifically rejects the claim, similar to the claim made by OSFM here, that an underground storage tank must be "in operation" for it to be registerable under the former provisions of section 4. *First of America*, 269 Ill. App. 3d at 434.

In light of the court's opinion in the *First of America* case, we reject OSFM's arguments regarding the effect of the statutory amendments. We turn our attention, therefore, to the controlling question of whether plaintiff is entitled to have its tanks 3, 4 and 5 registered under the former provisions of section 4.

When interpreting a disputed statutory provision, we seek to ascertain and give effect to the true intent and meaning of the legislature, considering first the statutory language. (*Waste Management of Illinois, Inc. v. Illinois Pollution Control Board* (1991), 145 Ill. 2d 345, 348, 585 N.E.2d 606; *In re Marriage of Logston* (1984), 103 Ill. 2d 266, 277, 469 N.E.2d 167.) Those terms which are unambiguous must be given their plain and ordinary meaning. *Collins v. Board of*

*Trustees of the Firemen's Annuity & Benefit Fund* (1993), 155 Ill. 2d 103, 111, 610 N.E.2d 1250.

■ ■ Plaintiff's position is that it is entitled to register its underground storage tanks even after the tanks have been removed from the ground and destroyed. The language of the statute, however, directly contradicts such a claim. Under both current and former law, an "underground storage tank" is a tank which satisfies the Federal definition of that term. (Ill. Rev. Stat. 1991, ch. 127$^1$/$_2$, par. 156.) Federal law defines an underground storage tank as:

> "any one or combination of tanks *** which is used to contain an accumulation of regulated substances, and the volume of which *** is 10 per centum or more beneath the surface of the ground." (42 U.S.C. § 6991(1) (1988).)

While tanks 3, 4 and 5 were "used to contain an accumulation of regulated substances" and were, at one time, "10 per centum or more beneath the surface of the ground," they did not fall within the statutory definition of an "underground storage tank" at the time plaintiff sought to register the tanks. At the time plaintiff attempted to register tanks 3, 4 and 5, none of the tanks existed. We conclude that, because tanks 3, 4 and 5 did not fall within the unambiguous statutory definition of an "underground storage tank" at this time, they were therefore not registerable under the Act.

Briefly stated, the Act provides for the registration of underground storage tanks, not the registration of tanks that were formerly in the ground or of those sites where underground storage tanks once were located. As plaintiff recognizes in its brief, the registration requirements are designed to promote the identification and monitoring of tanks which pose a threat of contamination, *i.e.*, those tanks that are in the ground. During oral argument plaintiff's attorney admitted the possibility that tank 3 had leaked and that plaintiff may have potential liability for the cleanup of spilled petroleum. If owners of underground storage tanks were permitted to simply remove tanks from the ground and later decide to register them based upon discovered liability, the legislature's intention of identifying and monitoring environmental hazards before they occur would be seriously undercut. If the General Assembly had intended to regulate former underground storage tanks, we are confident that it would have clearly indicated such an intent.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

EGAN and RAKOWSKI, JJ., concur.