(No. 78754.—Appellate court affirmed in part and reversed in part; circuit court affirmed.)

# FIRST OF AMERICA TRUST COMPANY, as Trustee of the Emil A. Harbers Trust, Appellee, v. THOMAS L. ARMSTEAD, State Fire Marshal, *et al.*, Appellants.

*Opinion filed March 21, 1996.*

MILLER, J., took no part.

Robin R. Lunn and Michael O'Neil, of Keck, Mahin & Cate, of Chicago, for appellants.

Frederick G. Hoffman, Diana M. Jagiella and James H. Geary, of Howard & Howard Attorneys, P.C., of Peoria, for appellee.

JUSTICE NICKELS delivered the opinion of the court:

In this appeal, we decide whether plaintiff is entitled to register its underground storage tanks pursuant to the Gasoline Storage Act (430 ILCS 15/4(b)(1)(A) (West 1992)). Plaintiff, First of America Trust Company, as trustee of the Emil A. Harbers trust, sought to register three underground storage tanks with the office of the State Fire Marshal. The State Fire Marshal denied plaintiff's request for registration, and plaintiff sought administrative review in the circuit court of Peoria County. During the pendency of the review, the General Assembly amended the Gasoline Storage Act (430 ILCS 15/4(b)(1)(A) (West Supp. 1993)). The circuit court of Peoria County applied the amended statute and confirmed the decision of the State Fire Marshal denying registration of the tanks. Plaintiff appealed, arguing that the circuit court erred in applying the amended statute. The appellate court agreed with plaintiff and ordered that the tanks be registered pursuant to the unamended statute. 269 Ill. App. 3d 432. We granted the petition for leave to appeal of defendants Thomas L. Armstead, as State Fire Marshal, and the office of the State Fire Marshal. 145 Ill. 2d R. 315. We hold that the circuit court properly applied the amended statute.

## BACKGROUND

In 1984, Congress established a federal program to regulate underground storage tanks. 42 U.S.C. § 6991 *et seq.* (1988). Pursuant to this statute, the federal Environmental Protection Agency may delegate to the states certain powers and duties to regulate tanks. 42 U.S.C. §§ 6991b(h)(7), 6991c (1988). In most respects, the state

regulatory program must be no less stringent than the standards established under federal law. 42 U.S.C. § 6991c(b)(1) (1988).

In 1985, the Illinois General Assembly enacted the Gasoline Storage Act (430 ILCS 15/0.01 *et seq.* (West 1992)). In partial fulfillment of the federal requirements, the Act requires that owners of certain underground storage tanks register their tanks with the office of the State Fire Marshal. 430 ILCS 15/4(b)(1)(A) (West 1992). Registration requires the payment of a fee (430 ILCS 15/4(3)(A) (West 1992)), but also entitles the tank owner to potential benefits. Where other prerequisites are met, these benefits may include the reimbursement of a portion of clean-up costs associated with the release of petroleum. See 415 ILCS 5/57 *et seq.* (West Supp. 1993).

Plaintiff, as trustee of the Emil A. Harbers trust, holds legal title to real estate in Peoria, Illinois. This real estate was the site of a gasoline station until 1962. Although the gasoline station has not operated since that time, three underground storage tanks remain on the property. The parties agree that the tanks presently contain some residual petroleum products.

On March 15, 1992, plaintiff submitted an application for registration of the tanks with the office of the State Fire Marshal. At the time of plaintiff's application, section 4 of the Gasoline Storage Act provided:

> "The owner of an underground storage tank *** which at any time between January 1, 1974, and September 24, 1987 *contained petroleum or petroleum products* *** shall register the tank with the Office of the State Fire Marshal." (Emphasis added.) 430 ILCS 15/4(b)(1)(A) (West 1992).

Plaintiff contended that it was entitled to registration because the underground storage tanks "contained" petroleum products during the applicable period. However, the State Fire Marshal rejected this reading and found that the statute further required that the tanks be in

operation during the statutory period. After an administrative hearing, the State Fire Marshal issued an order denying plaintiff's application for registration.

Plaintiff filed a complaint for administrative review in the circuit court of Peoria County. 735 ILCS 5/3—101 *et seq.* (West 1992). During the pendency of the review, the General Assembly amended section 4 of the Gasoline Storage Act. Pub. Act 87—1088, eff. September 15, 1992 (amending 430 ILCS 15/4(b)(1)(A) (West 1992)). The amended act expressly prohibited registration of tanks taken out of operation prior to January 2, 1974:

> "The owner of an underground storage tank that was not taken out of operation before January 2, 1974, and that at any time between January 1, 1974, and September 24, 1987, contained petroleum or petroleum products *** shall register the tank with the Office of the State Fire Marshal. *** No underground storage tank taken out of operation before January 2, 1974, may be registered under this Act." 430 ILCS 15/4(b)(1)(A) (West Supp. 1993).

Relying on this amendment, the circuit court confirmed the decision of the office of the State Fire Marshal denying registration of the tanks.

Plaintiff appealed from the circuit court's decision, arguing that it was error to apply the amended statute. The appellate court agreed and reversed the decision of the circuit court. 269 Ill. App. 3d 432. The appellate court relied on the general principle that a statutory amendment is presumed to apply prospectively, and should only be applied retroactively where such an interpretation is supported by a clear expression of legislative intent. 269 Ill. App. 3d at 434. Not finding any language supporting a retroactive application of the amendment, the appellate court reasoned that plaintiff's application for registration should be permitted under the superseded statute. Under that statute, the appellate court determined that plaintiff was entitled to registration because the tanks "contained" petroleum residue. 269 Ill. App. 3d at 434-35.

In addition to seeking registration of its tanks, plaintiff further contended that it was entitled to attorney fees and costs pursuant to the Illinois Administrative Procedure Act (5 ILCS 100/1—1 *et seq.* (West 1992)). The Administrative Procedure Act provides for the recovery of attorney fees "[i]n any case in which a party has any administrative rule invalidated by a court for any reason." 5 ILCS 100/10—55(c) (West 1992). The appellate court determined that plaintiff was not entitled to attorney fees because the denial of plaintiff's application was not an administrative rule within the meaning of section 10—55(c). 269 Ill. App. 3d at 435.

We granted defendants' petition for leave to appeal on the issue of whether plaintiff was entitled to registration of its tanks. 145 Ill. 2d R. 315. In addition, plaintiff seeks reversal of the appellate court's decision denying its request for attorney fees and costs. 155 Ill. 2d R. 318(a).

## ANALYSIS

### I. Applicability of Act

We must first determine whether to apply the amendment to the Gasoline Storage Act to plaintiff's application for registration of its underground storage tanks. The appellate court did not apply the amendment because it found no expression of legislative intent that supported giving the amendment "retroactive effect." 269 Ill. App. 3d at 435. Plaintiff also argues that its application under the preamended act created a vested right to register its tanks that is beyond legislative interference. Alternatively, plaintiff argues that even if the preamended act created no vested right to registration, it is entitled to registration on equitable grounds.

### *Legislative Intent*

The principles applicable for determining whether a

statutory amendment applies to an existing controversy on appeal have not been consistently stated. In numerous cases, this court has focused on determining legislative intent. See, *e.g.*, *People v. Fiorini*, 143 Ill. 2d 318, 333 (1991); *Maiter v. Chicago Board of Education*, 82 Ill. 2d 373, 390 (1980). In order to divine legislative intent, this court has sometimes refused to look past the face of the statute. *Fiorini*, 143 Ill. 2d at 333 ("A general rule of statutory construction is that an amendment will be construed as prospective, absent express language to the contrary"). The appellate court relied on this rule and, finding no expression of legislative intent on the face of the statute, refused to give the amendment what it termed retroactive effect. 269 Ill. App. 3d at 435.

In other cases, this court has looked past the face of the statute and applied further rules of construction to determine legislative intent. This inquiry into legislative intent was further complicated by certain presumptions that attached to the characterization of the amendment as procedural or substantive:

> "It has thus been our general rule of construction that an amendatory act will be construed as prospective. [Citations.] The presumption of prospectivity is rebuttable, but only by the act itself. Either by express language or necessary implication, the act must clearly indicate that the legislature intended a retroactive application. [Citation.]
> \*\*\*
> It is true, however, that the presumption of prospectivity does not apply to changes in procedure or remedies. When a change in the law changes procedure alone, it will be construed as retroactive so long as that is what the legislature intended." *Rivard v. Chicago Fire Fighters Union, Local No. 2*, 122 Ill. 2d 303, 309-10 (1988).

Under this analysis, courts struggled with the determination of whether an amendment was procedural or substantive. *Orlicki v. McCarthy*, 4 Ill. 2d 342, 348 (1954) ("no simple formula can be evolved as to when an amendment relates to a procedural, or to a substantive

right"); *Rivard,* 122 Ill. 2d at 310 ("the line between 'substance' and 'procedure' may often be unclear"). Whether to apply an amendment to a case on appeal was then left to rest on this sometimes elusive distinction.

## Vested Rights Approach

In yet other cases, this court has largely ignored the examination of legislative intent and simply applied a general rule providing that a court should apply the law as it exists at the time of the appeal. See *Bates v. Board of Education, Allendale Community Consolidated School District No. 17,* 136 Ill. 2d 260, 268-69 (1990) ("Where the legislature changes the law pending an appeal, the case must be disposed of by the reviewing court under the law as it then exists, not as it was when the judgment was entered in the lower court"). An exception to this rule existed where the application of the change in the law would affect a vested right. *Envirite Corp. v. Illinois Environmental Protection Agency,* 158 Ill. 2d 210, 215 (1994). Such vested rights are interests that are protected from legislative interference by our due process clause (Ill. Const. 1970, art. I, § 2).

## Retroactivity Defined

Of these two approaches, the better approach is to apply the law that applies by its terms at the time of the appeal, unless doing so would interfere with a vested right. This is because retroactivity is defined in terms of the effect an amendment has on vested rights. As explained below, where an amendment does not reach back and interfere with vested rights, there is no truly retroactive impact.

The application of an amendment to an existing controversy does not necessarily constitute retroactivity. "[I]t is well settled that a statute is not retroactive just because it relates to antecedent events, or because

it draws upon antecedent facts for its operation." *United States Steel Credit Union v. Knight,* 32 Ill. 2d 138, 142 (1965). Instead, this court has defined a retroactive change in the law as " 'one that takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability in respect of transactions or considerations already past.' " *United States Steel Credit Union,* 32 Ill. 2d at 142, quoting 82 C.J.S. *Statutes* § 412 (1953). Where no vested rights are involved, either because they are not yet perfected or because the amendment is procedural in nature, the amendment can be applied to the existing controversy without any retroactive impact.

With this understanding of retroactivity, there is little reason to focus on legislative intent. The legislature is without constitutional authority to enact a law that is truly retroactive, in that it impairs vested rights, even if that is its expressed intention. *City of Chicago v. Collin,* 302 Ill. 270, 274 (1922). Moreover, where an amendment has no such retroactive impact, there is simply no need to apply further rules of construction to determine legislative intent because the amendment by definition has only prospective application. Thus, a reviewing court should simply apply the law as it exists at the time of the appeal, unless doing so would interfere with a vested right.

### Application of Principles

Applying the foregoing principles, plaintiff's application for registration of its tanks should be judged by the law as amended at the time of the appeal, unless doing so would interfere with a vested right. Whether a particular expectation rises to the level of a vested right is not capable of precise definition. In recognizing the conclusory nature of the inquiry, this court has defined a vested right as an expectation that is so far perfected that it cannot be taken away by legislation. *Sanelli v.*

*Glenview State Bank,* 108 Ill. 2d 1, 20 (1985). Although not capable of precise definition, a vested right is a complete and unconditional demand or exemption that may be equated with a property interest. See, *e.g., Sepmeyer v. Holman,* 162 Ill. 2d 249 (1994) (finding that expiration of a statute of limitations creates a vested right that is beyond legislative interference); *Collin,* 302 Ill. at 275 (holding that owner of land sought to be taken for public use has a vested right to compensation pursuant to law in effect at time of filing of petition, because filing of petition creates "an immediate, fixed and determinate right to any compensation").

Plaintiff initially argues that it has a vested right to comply with the law and have its tanks registered. However, there is no vested right in the mere continuance of a law. *Envirite,* 158 Ill. 2d at 215. The legislature has an ongoing right to amend a statute. *Envirite,* 158 Ill. 2d at 215. In addition, the change in the statute did not create a new obligation or duty with respect to a past transaction. Plaintiff's registration process was ongoing at the time of the amendment.

Plaintiff next argues that it has a vested right to register its tanks pursuant to the Gasoline Storage Act as it existed before the amendment in order to gain access to the Underground Storage Tank Fund. We disagree. At the time of plaintiff's application for registration,[1] the Illinois Environmental Protection Act set forth a number of prerequisites for reimbursement from the

---

[1] In 1993, the General Assembly established the Leaking Underground Storage Tank Program to administer the Underground Storage Tank Fund. 415 ILCS 5/57 *et seq.* (West Supp. 1993). This act repealed section 22.18b of the Illinois Environmental Protection Act, which previously stated the requirements for reimbursement of tank clean-up costs from the Fund. Although the applicable requirements for reimbursement are similar under both acts, we apply that act in effect at the time of plaintiff's application because any interest must have vested under the Act as

Fund. These prerequisites included registration of the tanks pursuant to the Gasoline Storage Act, and also the actual release of petroleum from the tanks and the incurring of corrective costs:

"(a) An owner or operator is eligible to receive money from the Underground Storage Tank Fund for costs of corrective action or indemnification only if all of the following requirements are satisfied:

\* \* \*

(3) The costs of corrective action or indemnification *were incurred by an owner or operator as a result of a release of petroleum,* but not including any hazardous substance, from an underground storage tank.

(4) The owner or operator has registered the tank in accordance with Section 4 of the Gasoline Storage Act and paid into the Underground Storage Tank Fund all fees required for the tank in accordance with Sections 4 and 5 of that Act and regulations adopted by the Office of State Fire Marshal." (Emphasis added.) 415 ILCS 5/22.18b (West 1992) (repealed by 415 ILCS 5/57 *et seq.* (West Supp. 1993)).

Plaintiff argues that it was denied registration by the wrongful actions of the State Fire Marshal. However, even putting aside the requirement of registration, plaintiff has not alleged that any release of petroleum occurred on the property or that it incurred any clean-up costs in reliance on access to the Fund. Thus, plaintiff did not have an immediate and fixed right to compensation from the Fund.

Plaintiff further argues that access to the Underground Storage Tank Fund was recognized as a vested right in *Chemrex, Inc. v. Pollution Control Board,* 257 Ill. App. 3d 274 (1993). In *Chemrex,* an owner of several underground storage tanks was denied reimbursement from the Fund because of a statutory amendment that changed the eligibility requirements. The appellate

it then existed.

court determined that the tank owner had established a vested right to reimbursement from the Fund prior to the change in the law. The *Chemrex* court was careful to emphasize that the tank owner had perfected his right to reimbursement prior to the change in the law:

"We emphasize that here, Chemrex discovered, reported, and set about repairing the releases from the affected tanks immediately after the leaks occurred, in compliance with the statutes and rules. It filed progress reports, as well as a work plan and 'a health and safety plan with the IEPA, in satisfaction of State requirements. *** All these events occurred prior to the effective date of the statutory amendment." *Chemrex*, 257 Ill. App. 3d at 280.

In contrast, plaintiff here had no vested right to reimbursement from the Fund prior to the amendment of the Gasoline Storage Act. Plaintiff had not satisfied the statutory prerequisites so as to create a reasonable expectation of reimbursement from the Fund prior to the amendment. As the amendment does not impair plaintiff's vested rights, the amended statute has no retroactive impact and may be applied to plaintiff's application.

### Equitable Grounds

Plaintiff further argues that even if there is no vested right involved, registration should be granted on equitable grounds. Plaintiff argues that it was denied the opportunity to obtain a vested right by the wrongful denial of its application for registration. Relying on *Phillips Petroleum Co. v. City of Park Ridge*, 16 Ill. App. 2d 555 (1958), plaintiff reasons that it is inequitable to allow the defendants to benefit from the State Fire Marshal's arbitrary conduct in denying the application.

In *Phillips Petroleum*, the plaintiff applied for a permit to construct a gas station. The proposed use was in conformity with existing zoning ordinances. The city denied the permit and suspended its zoning ordinance

to prohibit the construction of the station. The court recognized the general rule that "there is no vested right in the continuance of a law or ordinance, and that where the law or ordinance has been changed pending an appeal the case must be disposed of by the reviewing court upon the law as it then exists." *Phillips Petroleum*, 16 Ill. App. 2d at 565. However, the court declined to apply the rule on equitable grounds:

> "In the case before us the plaintiff does not claim that it had acquired a vested right, but it does claim that because of the improper, invalid and arbitrary action of the building department of the city of Park Ridge, in reliance upon a void resolution, the plaintiff, although having acquired title to the property in question, was prevented from taking any measures which could have given it a vested right, and it contends that the defendants cannot in this court urge that the case should be disposed of here under the now existing ordinance. With this contention of the plaintiff we are in accord. *** To hold otherwise would be to give the city, without statutory authority, a right to suspend a zoning ordinance." *Phillips Petroleum*, 16 Ill. App. 2d at 565-66.

Plaintiff suggests that the amendment to the Gasoline Storage Act should not immunize arbitrary conduct of the State Fire Marshal in denying the application for registration.

Without giving the holding of *Phillips Petroleum* our imprimatur, that case is readily distinguishable from the present facts. The permitting authority in *Phillips Petroleum* acknowledged plaintiff's right to a building permit under the existing ordinance, but withheld a decision on the permit specifically so that the city council could reconsider its zoning classification for the property. This was a specific attempt to frustrate plaintiff's right to utilize its property in accordance with existing zoning law.

In contrast, the State Fire Marshal maintains that the unamended Gasoline Storage Act, when interpreted

as part of the federal program, is at least ambiguous regarding the need to register tanks that were out of service prior to 1974. We agree. The Gasoline Storage Act incorporates the federal definition of underground storage tanks. See 430 ILCS 15/4(e)(1) (West 1992). The federal statute defines underground storage tanks as those "*used* to contain an accumulation of regulated substances." (Emphasis added.) 42 U.S.C. § 6991(1) (1988). In addition, the federal program does not require registration of tanks taken out of operation before 1974. See 42 U.S.C. § 6991a(a)(2)(A) (1988) ("The owner of a tank taken out of operation on or before January 1, 1974, shall not be required to notify the State or local agency under this subsection").

For this reason, this case does not share the same egregious conduct that was present in *Phillips Petroleum*. The State Fire Marshal was not arbitrarily attempting to frustrate plaintiff's acknowledged property rights. Instead, the State Fire Marshal provided a reasonable interpretation of a complicated statute and decided that registration was not necessary or permitted. We find no reason to extend the reasoning in *Phillips Petroleum* to the facts of the present case.

## II. Attorney Fees

Plaintiff seeks reversal of the decision denying its request for attorney fees. The Administrative Procedure Act provides for the recovery of attorney fees "[i]n any case in which a party has any administrative rule invalidated by a court for any reason." 5 ILCS 100/10—55(c) (West 1992). The appellate court determined that plaintiff was entitled to register its tanks, but not to attorney fees. The appellate court reasoned that the denial of plaintiff's application was not an administrative rule within the meaning of section 10—55(c). 269 Ill. App. 3d at 435.

We have determined that plaintiff is not entitled to

register its tanks. Therefore, plaintiff is not entitled to attorney fees because it has failed to make the threshold showing that it has invalidated an agency action. For this reason, we need not address the further question of whether an agency's interpretation of a statute may constitute an administrative rule for purposes of awarding attorney fees under the Administrative Procedure Act.

## CONCLUSION

We hold that plaintiff is not entitled to registration of its underground storage tanks. We further hold that plaintiff is not entitled to attorney fees. The judgment of the appellate court is affirmed in part and reversed in part. The judgment of the circuit court is affirmed.

*Appellate court affirmed in part*
*and reversed in part;*
*circuit court affirmed.*

JUSTICE MILLER took no part in the consideration or decision of this case.