NO. 5-96-0182

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              FIFTH DISTRICT

_________________________________________________________________

JESSIE WEIMANN, as Next Friend and   )  Appeal from the

Guardian for the Person and          )  Circuit Court of

Estate of ROSALIE WEIMANN,           )  Christian County.

                                     )

     Plaintiff-Appellant,            )

                                     )

v.                                   )  No. 95-L-27

                                     )

MEADOW MANOR, INC.,                  )  Honorable

                                     )  Robert Davison,

     Defendant-Appellee.             )  Judge, presiding.

_________________________________________________________________

     JUSTICE GOLDENHERSH delivered the opinion of the court:

     Plaintiff, Jessie O. Weimann, guardian of the person and

estate of Rosalie Weimann, appeals from an order entered by the

circuit court of Christian County striking plaintiff's prayer for

treble damages for injuries Rosalie Weimann allegedly sustained

while a resident at Meadow Manor, the facility of defendant, Meadow

Manor, Inc.  Plaintiff seeks treble damages under section 3-602 of

the Nursing Home Care Act (the Act) (210 ILCS 45/3-602 (West 1994))

as it existed on March 6, 1995, when plaintiff filed his complaint, 

prior to the amendment of section 3-602 by Public Act 89-197,

effective July 21, 1995 (see 210 ILCS 45/3-602 (West Supp. 1995)). 

The circuit court entered an order certifying the question of

treble damages for interlocutory appeal to this court.  On appeal,

the sole issue presented for our consideration is whether the

amendment of section 3-602 by Public Act 89-197 shall be applied

retroactively to actions occurring prior to July 21, 1995.  We hold

that the circuit court erred in applying the amended section 3-602

of Public Act 89-197 retroactively.

                                     I

     Count I of plaintiff's two-count complaint is premised upon

liability under the Act and seeks treble damages and attorney fees. 

The complaint alleges that Rosalie Weimann, plaintiff's wife, was

raped repeatedly by a licensed practical nurse employed by

defendant and further alleges that defendant was warned repeatedly

of the nurse's conduct and failed to prevent further sexual acts by

the nurse against Rosalie Weimann.  Count II alleges that plain-

tiff's injuries were caused by defendant's negligence and seeks

compensatory and punitive damages.

     At the time the alleged rapes occurred, from March 1993 

through January 1995, and when plaintiff filed his complaint on

March 6, 1995, section 3-602 of the Act provided:

          "§ 3-602.  The licensee shall pay 3 times the actual

     damages, or $500, whichever is greater, and costs and at-

     torney's fees to a facility resident whose rights, as

     specified in Part 1 of Article II of this Act, are violated." 

     210 ILCS 45/3-602 (West 1994).

     The General Assembly passed Public Act 89-197 while plain-

tiff's complaint was pending.  Public Act 89-197, referred to as

the "Health Care Worker Background Check Act," amended section 3-

602 of the Act by repealing the treble damages provision.  Section

3-602 now reads as follows:

          "§ 3-602.  The licensee shall pay the actual damages and

     costs and attorney's fees to a facility resident whose rights,

     as specified in Part 1 of Article II of this Act, are violat-

     ed."  210 ILCS 45/3-602 (West Supp. 1995).

     Upon enactment of Public Act 89-197, defendant moved to strike

plaintiff's request for treble damages.  On February 27, 1996, the

trial court entered an interlocutory order granting defendant's

motion to strike treble damages and, pursuant to Supreme Court Rule

308 (155 Ill. 2d R. 308), certifying the following question of law:

     "Shall treble damages be stricken from actions brought under

     the Illinois Nursing Home Act, 210 ILCS 45/3-602, where the

     alleged facts supporting said actions occurred prior to the

     enactment of Public Act 89-0197 on July 21, 1995."

     On April 4, 1996, we accepted jurisdiction to answer this

question pursuant to Supreme Court Rule 308.

                                    II

     Plaintiff contends that it was error for the trial court to

apply Public Act 89-197 retroactively to strike treble damages from

plaintiff's complaint.  Plaintiff maintains that in light of our

supreme court's decision in First of America Trust Co. v. Armstead,

171 Ill. 2d 282, 664 N.E.2d 36 (1996), Public Act 89-197 should not

be applied retroactively because the amendments impose a new duty

on plaintiff and create a new disability with respect to transac-

tions and considerations already passed.  We agree for the reasons

set out below.

     Generally, a reviewing court is to apply the law as it exists

at the time of the appeal unless doing so interferes with a vested

right.  First of America Trust Co., 171 Ill. 2d at 289, 664 N.E.2d

at 40.  "Where an amendment does not reach back and interfere with

vested rights, there is no truly retroactive impact."  First of

America Trust Co., 171 Ill. 2d at 289, 664 N.E.2d at 40.  An

amendment has a retroactive impact when it "`"takes away or impairs

vested rights acquired under existing laws, or creates a new

obligation, imposes a new duty, or attaches a new disability in

respect of transactions or considerations already past."'"  First

of America Trust Co., 171 Ill. 2d at 290, 664 N.E.2d at 40 (quoting

United States Steel Credit Union v. Knight, 32 Ill. 2d 138, 142,

204 N.E.2d 4, 6 (1965) (quoting 82 C.J.S. Statutes §412 (1953))). 

There is no retroactive impact where vested rights are not yet

perfected or the amendment is procedural in nature.  First of

America Trust Co., 171 Ill. 2d at 290, 664 N.E.2d at 40.  Acknowl-

edging that "whether a particular expectation rises to the level of

a vested right is not capable of precise definition," our supreme

court has stated:

     "[A] vested right [is] an expectation that is so far perfected

     that it cannot be taken away by legislation.  Sanelli v.

     Glenview State Bank, 108 Ill. 2d 1, 20, 483 N.E.2d 226 (1985). 

     Although not capable of precise definition, a vested right is

     a complete and unconditional demand or exemption that may be

     equated with a property interest.  See, e.g., Sepmeyer v.

     Holman, 162 Ill. 2d 249, 642 N.E.2d 1242 (1994) (finding that

     expiration of a statute of limitations creates a vested right

     that is beyond legislative interference); [City of Chicago v.]

     Collin, 302 Ill. [270,] 275, 134 N.E. 751 [(1922)] (holding

     that owner of land sought to be taken for public use has a

     vested right to compensation pursuant to law in effect at time

     of filing of petition, because filing of petition creates `an

     immediate, fixed and determinate right to any compensation')." 

     First of America Trust Co., 171 Ill. 2d at 290-91, 664 N.E.2d

     at 40.

     Retroactive application of Public Act 89-197 to the existing

controversy would take away or impair plaintiff's vested rights

acquired under the Act prior to the enactment of Public Act 89-197

amending section 3-602.  The Act, inter alia, gives a nursing home

resident a cause of action against nursing home owners and

operators for violations of the residents' rights under the Act. 

210 ILCS 45/3-601 (West 1994).  Before Public Act 89-197 became

law, section 3-602 of the Act provided that the operator of the

nursing home facility "shall pay 3 times the actual damages, or

$500, whichever is greater, and costs and attorney's fees to a

facility resident whose rights *** in Part I of Article II of the

Act, are violated."  210 ILCS 45/3-602 (West 1994).

     In the case at bar, the alleged wrongful acts, the repeated

rape of Rosalie Weimann by defendant's employee, the alleged

physical and psychological injuries to Rosalie Weimann, the report

of the alleged sexual acts to the proper supervisory personnel, the

alleged failure of said personnel to investigate the allegations or

to take preventative measures, and the subsequent filing of

plaintiff's complaint all occurred prior to the enactment of Public

Act 89-197.  Plaintiff's rights as set forth in Part I of Article

II of the Act, to be free from abuse or neglect by a facility

employee, as well as the Act's general requirement that the nursing

home facility not create "a condition or occurrence relating to the

operation and maintenance of a facility directly threatening to the

health, safety or welfare of a resident" (210 ILCS 45/1-130, 2-107

(West 1994)), obviously would be violated by the events listed

above.  Plaintiff satisfied all the statutory requirements of

section 3-602 as it existed.  Consequently, plaintiff had a right

to the recovery of treble damages as provided in the statute if the

alleged violations were proved at trial.  Although whether a

particular expectation rises to the level of a vested right cannot

be precisely defined, under the circumstances presented here, 

plaintiff's right to recover treble damages has been perfected and

rises to the level of a vested right.  See Harraz v. Snyder, 283

Ill. App. 3d 254, 669 N.E.2d 911 (1996).  Accordingly, we conclude

that section 3-602 as amended by Public Act 89-197 retroactively

impacts plaintiff's vested rights and may not be retroactively

applied to strike plaintiff's prayer for treble damages.

     Because of our foregoing conclusion, we need not address the

remaining point raised by plaintiff concerning the retroactive

application of new duties imposed on nursing home facilities by

Public Act 89-197.

     For the foregoing reasons, the order of the circuit court of

Christian County is reversed, and the cause is remanded for further

proceedings consistent with this opinion.

     Reversed and remanded.

     WELCH and CHAPMAN, JJ., concur.

                                      NO. 5-96-0182

                                     IN THE

                          APPELLATE COURT OF ILLINOIS

                                 FIFTH DISTRICT

___________________________________________________________________________

JESSIE WEIMANN, as Next Friend and   )  Appeal from the

Guardian for the Person and          )  Circuit Court of

Estate of ROSALIE WEIMANN,           )  Christian County.

                                     )

     Plaintiff-Appellant,            )

                                     )

v.                                   )  No. 95-L-27

                                     )

MEADOW MANOR, INC.,                  )  Honorable

                                     )  Robert Davison,

     Defendant-Appellee.             )  Judge, presiding.

___________________________________________________________________________

Opinion Filed:                 December 12, 1996

___________________________________________________________________________

Justices:      Honorable Richard P. Goldenhersh, J.

                         

               Honorable Thomas M. Welch, J., and

               Honorable Charles W. Chapman, J.,

               Concur

___________________________________________________________________________

                         

Attorneys      Thomas Q. Keefe, Jr., P.C., 6 Executive Woods Ct., 

for            Belleville, IL 62221; Louis A. DePaepe, P.C., 104 E.

Appellant      Market, P.O. Box 77, Taylorville, IL  62568

___________________________________________________________________________

Attorneys      Murvel Pretorius, Jr., Julie A. Ward, Michael J. Holt, 

for            Quinn, Johnston, Henderson & Pretorius, 227 N.E. Jefferson,

Appellee       Peoria, IL 61602

___________________________________________________________________________