JACK CAVENEY *et al.*, Plaintiffs-Appellees, v. GLEN L. BOWER, Director of the Department of Revenue, *et al.*, Defendants-Appellants.

Second District   No. 2—99—1427

Opinion filed March 2, 2001.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and Edmund C. Baird and A. Benjamin Goldgar, Assistant Attorneys General, of counsel), for appellants.

David A. Fruchtman, of McDermott, Will & Emery, of Chicago, for appellees.

JUSTICE McLAREN delivered the opinion of the court:

Defendants, Glen L. Bower, Judy Baar Topinka, and the Illinois Department of Revenue (collectively, the State), appeal from the trial court's grant of summary judgment in favor of plaintiffs, Jack and Margaret Caveney. We affirm.

The Caveneys are shareholders in Panduit Corporation. For the tax years ended December 31, 1993, 1994, and 1995, Panduit elected to be treated as a subchapter S corporation for federal and state income tax purposes. See 26 U.S.C.A. § 1362 (West 1988); 35 ILCS 5/1501(a)(28) (West 1998). During the tax years in question, the Caveneys claimed a research and development tax credit against their Illinois income tax liability, pursuant to section 201(k) of the Illinois Income Tax Act (the Act) (35 ILCS 5/201(k) (West 1996)), for research and development expenditures made by Panduit. The State disallowed the claims and calculated back taxes and interest owed of $1,091,131.60. The Caveneys paid this sum under protest, then filed suit under the State Officers and Employees Money Disposition Act, seeking an order requiring the defendants to return the sum paid under protest. See 30 ILCS 230/1 *et seq.* (West 1998). The parties filed cross-motions for summary judgment. The trial court granted the Caveneys' motion and entered judgment for the Caveneys. This appeal followed.

The State contends that the trial court erred in determining that the Caveneys were entitled to the research and development credit. As this case was decided on a motion for summary judgment, our review is *de novo*. See *McNamee v. State*, 173 Ill. 2d 433, 438 (1996). No factual issues are raised.

■ At the time the Caveneys claimed the tax credit, the Act provided in relevant part:

"Beginning with tax years ending after July 1, 1990, a taxpayer shall be allowed a credit against the tax imposed by subsections (a) and (b) of this Section for increasing research activities in this State. The credit allowed against the tax imposed by subsections (a) and (b) shall be equal to 6½% of the qualifying expenditures for increasing research activities in this State.

For purposes of this subsection, 'qualifying expenditures' means the qualifying expenditures as defined for the federal credit for increasing research activities which would be allowable under Section 41 of the Internal Revenue Code and which are conducted in this State, 'qualifying expenditures for increasing research activities in this State' means the excess of qualifying expenditures for the taxable year in which incurred over qualifying expenditures for the base period, 'qualifying expenditures for the base period' means

the average of the qualifying expenditures for each year in the base period, and 'base period' means the 3 taxable years immediately preceding the taxable year for which the determination is being made." 35 ILCS 5/201(k) (West 1992).

However, in 1999, the General Assembly added the following language to section 201(k) of the Act:

"For partners, shareholders of subchapter S corporations, and owners of limited liability companies, if the liability company is treated as a partnership for purposes of federal and State income taxation, there shall be allowed a credit under this subsection to be determined in accordance with the determination of income and distributive share of income under Sections 702 and 704 and subchapter S of the Internal Revenue Code.

\* \* \*

No inference shall be drawn from this amendatory Act of the 91st General Assembly in construing this Section for taxable years beginning before January 1, 1999." 35 ILCS 5/201(k) (West Supp. 1999).

A reviewing court should apply the law as it exists at the time of appeal, unless doing so would interfere with a vested right. *First of America Trust Co. v. Armstead*, 171 Ill. 2d 282, 290 (1996). Vested rights are interests protected from legislative interference by the due process clause of our constitution (Ill. Const. 1970, art. I, § 2). *Dardeen v. Heartland Manor, Inc.*, 186 Ill. 2d 291, 295 (1999). A right has not vested until it is so far perfected that it cannot be taken away by legislation and is so unconditional and complete that it may be equated with a property interest. *Dardeen*, 186 Ill. 2d at 295-96. Where an amendment does not reach back to and interfere with a vested right, there is no truly retroactive impact. *Armstead*, 171 Ill. 2d at 289. Where an amendment has no retroactive impact, there is no need to apply further rules of statutory construction to determine legislative intent because the amendment, by definition, has only prospective application. *Armstead*, 171 Ill. 2d at 290.

In this case, the legislature has amended the Act so that the research and development credit now clearly applies to shareholders of subchapter S corporations, such as the Caveneys. Therefore, unless application of the amendment interferes with some vested right of the State, the Caveneys were entitled to the tax credit for the years in question.

The State does not argue that it has a vested right in the application of the preamendment statute. Indeed, there is no vested right in the mere continuance of a law, and the legislature has an ongoing right to amend a statute. *Premier Property Management, Inc. v. Chavez*, 191 Ill. 2d 101, 109 (2000); *Armstead*, 171 Ill. 2d at 291. Where the

legislature does not specify prospective application, the State gives up any "vested rights." *Borden Chemicals & Plastics, L.P. v. Zehnder*, 312 Ill. App. 3d 35, 48 (2000). The amendment at issue here proclaimed that "no inference" was to be drawn from its passage regarding the tax years in question; therefore, any vested right that the State had in the application of section 201(k) was given up. Instead, the State argues that the "no inference" language can be read only as legislative intent requiring prospective application of the amendment. However, "no inference" means no inference, either in support of or in opposition to the State's position. The "vested rights" analysis of *Armstead* requires no inference to be drawn from the amendment. As already noted, in the absence of a vested right, the application of an amended statute to an existing controversy has no retroactive impact; by definition, the amendment then has only prospective application. *Armstead*, 171 Ill. 2d at 290. Furthermore, in such an instance there is no need for further rules of construction to determine legislative intent. *Armstead*, 171 Ill. 2d at 290. The State has identified no vested right affected by the amended statute. In the absence of such a vested right, the amended statute applies to this case.

The State also questions the continued vitality of *Armstead*, noting that the *Premier Property* court was divided over the application of the *Armstead* analysis and that the court in *People v. Digirolamo*, 179 Ill. 2d 24 (1997), which dealt with the retroactive application of an amended statute in criminal trials, did not use the *Armstead* analysis. However, the State's argument is unpersuasive. While the *Digirolamo* court did not apply the *Armstead* approach, the majority did apply it in *Premier Property*. Only two justices questioned the further use of *Armstead*. See *Premier Property*, 191 Ill. 2d at 115-23 (Freeman, J., specially concurring). Further, the *Dardeen* court applied the *Armstead* approach without negative comment. See *Dardeen*, 186 Ill. 2d 291. The "better approach" enunciated in *Armstead* is still the law and has been applied numerous times by the appellate court of this state. See, *e.g.*, *Borden Chemicals*, 312 Ill. App. 3d at 47; *Richard's Tire Co. v. Zehnder*, 295 Ill. App. 3d 48, 55-56 (1998); *Bunnell v. Civil Service Comm'n*, 295 Ill. App. 3d 97, 101 (1998). We decline the State's invitation to disregard established supreme court and appellate court precedents. Therefore, we find no error in the trial court's grant of summary judgment in favor of the Caveneys.

Because of our disposition of this case on statutory grounds, we need not address the constitutional issues raised.

For these reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

RAPP and O'MALLEY, JJ., concur.