JUSTICE CHAPMAN, dissenting: Both this court and the Illinois Supreme Court have previously held that the 1993 amendment, which removed the statute of repose, did not apply retroactively. M.E.H. v. L.H., 177 Ill. 2d 207, 214-15, 685 N.E.2d 335, 339 (1997); Benton v. Vonnahmen, 288 Ill. App. 3d 199, 203 n.1, 679 N.E.2d 1270, 1273 n.1 (1997). I believe, however, that a subsequent change in the law governing the retroactive application of statutory amendments now leads to a different result. In Commonwealth Edison Co. v. Will County Collector, 196 Ill. 2d 27, 794 N.E.2d 694 (2001), the supreme court addressed a discrepancy that had developed in the way Illinois courts handled the retroactive application of statutes. The court pointed out that, prior to its decision, Illinois courts had followed two distinct approaches to deciding the question. Under the “vested interest” approach, courts applied the law in effect at the time of the appeal unless doing so would interfere with a vested interest. Vested interests are those interests protected from interference by the due process clause of the Illinois Constitution (Ill. Const. 1970, art. I, §2). Commonwealth Edison Co., 196 Ill. 2d at 34, 749 N.E.2d at 969, citing First of America Trust Co. v. Armstead, 171 Ill. 2d 282, 289, 664 N.E.2d 36, 39 (1996). In following this approach, courts did not consider whether the legislature intended the statutory change to apply retroactively. Commonwealth Edison Co., 196 Ill. 2d at 34, 749 N.E.2d at 969, citing Armstead, 171 Ill. 2d at 289, 664 N.E.2d at 39. Under the “legislative intent” approach, by contrast, courts presumed that statutory changes are not meant to apply retroactively unless the legislature clearly indicated an intent that the amendments be so applied. Commonwealth Edison Co., 196 Ill. 2d at 34, 749 N.E.2d at 969, relying on Armstead, 171 Ill. 2d at 288, 664 N.E.2d at 39. In order to resolve the conflict between these conflicting lines of cases, the Commonwealth Edison Co. court formally adopted the Landgraf test. Commonwealth Edison Co., 196 Ill. 2d at 39, 749 N.E.2d at 972; Landgraf v. USI Film Products, 511 U.S. 244, 128 L. Ed. 2d 229, 114 S. Ct. 1483 (1994). Under this test, the first inquiry is whether the legislature has indicated its intent with respect to the retroactive application of a statutory amendment. If the legislature has clearly indicated that it intends an amendment to apply retroactively, we must give effect to that intent absent a constitutional prohibition. Commonwealth Edison Co., 196 Ill. 2d at 38, 749 N.E.2d at 971, citing Landgraf, 511 U.S. at 280, 128 L. Ed. 2d at 261-62, 114 S. Ct. at 1505. In determining the intent of the legislature, we should look first to the statutory language, which should be given its plain and ordinary meaning. If the language of the statute is clear and unambiguous, there is no need to resort to other tools of statutory interpretation. Paris v. Feder, 179 Ill. 2d 173, 177, 688 N.E.2d 137, 139 (1997). It is only when the legislature has not indicated its intent that we must resort to the second step of the Landgraf test and ask whether the retroactive application of the amendment would interfere with a vested right already possessed by a party, increase a party’s liability for past conduct, or impose new duties with respect to previously completed transactions. Commonwealth Edison Co., 196 Ill. 2d at 38, 749 N.E.2d at 971, citing Landgraf, 511 U.S. at 280, 128 L. Ed. 2d at 261-62, 114 S. Ct. at 1505. The second step of this inquiry is essentially the same as the vested rights approach to retroactivity. The retroactivity cases that predate the supreme court’s decision in Commonwealth Edison Co. are thus still relevant. However, the vested rights inquiry is now a default rule that need only be considered in the absence of express legislative intent regarding retroactivity. Commonwealth Edison Co., 196 Ill. 2d at 38, 749 N.E.2d at 971, relying on Landgraf, 511 U.S. at 273, 128 L. Ed. 2d at 257, 114 S. Ct. at 1501. Finally, the pr e-Commonwealth Edison Co. vested-rights-approach cases are also still relevant to the consideration of whether the retroactive application of a statute implicates due process concerns. The vested rights cases define the types of interests that merit constitutional protection. See Commonwealth Edison Co., 196 Ill. 2d at 47, 749 N.E.2d at 976. Under Commonwealth Edison Co. and Landgraf, finding that a statutory change implicates due process concerns does not end the inquiry. Rather, we must determine whether the retroactive application of a statutory change unreasonably infringes on the rights implicated. This determination requires us to consider the fairness or unfairness of applying the new rule retroactively and to balance the reasons for and against a retroactive application. Commonwealth Edison Co., 196 Ill. 2d at 47, 749 N.E.2d at 976, relying on Moore v. Jackson Park Hospital, 95 Ill. 2d 223, 242, 447 N.E.2d 408, 416 (1983) (Ryan, C.J., specially concurring, joined by Underwood and Moran, JJ.). The balancing required by Landgraf and Commonwealth Edison Co. marks a significant shift from the approach to due process concerns under the vested rights analysis. Those courts “largely ignored” legislative intent in concluding that statutory amendments could not be applied retroactively. Commonwealth Edison Co., 196 Ill. 2d at 34, 749 N.E.2d at 969, quoting Armstead, 171 Ill. 2d at 289, 664 N.E.2d at 39. Those courts found that retroactive application would run afoul of due process because defendants have a vested right in the affirmative defense afforded them by statutes of limitations or repose, but they did not perform the careful balancing mandated under Landgraf and Commonwealth Edison Co. in arriving at this result. See, e.g., Henrich v. Libertyville High School, 186 Ill. 2d 381, 404-05, 712 N.E.2d 298, 310 (1998); M.E.H., 177 Ill. 2d at 214-15, 685 N.E.2d at 339; D.P. v. M.J.O., 266 Ill. App. 3d 1029, 1036, 640 N.E.2d 1323, 1328 (1994). The supreme court expressly rejected this approach in Commonwealth Edison Co. Commonwealth Edison Co., 196 Ill. 2d at 47, 749 N.E.2d at 976 (explaining, “In assessing whether the application of a new statutory amendment to an existing controversy violates due process, the question is not simply whether the ‘ “rights” allegedly impaired are [labeled] “vested” or “non-vested” ’ ” (quoting In re Marriage of Semmler, 107 Ill. 2d 130, 137, 481 N.E.2d 716, 720 (1985))). In shifting from this approach to the legislative intent approach, the Commonwealth Edison Co. court noted that courts have become more deferential to legislative determinations that the benefits of the retroactive application of a statute outweigh these concerns. Commonwealth Edison Co., 196 Ill. 2d at 37-38, 749 N.E.2d at 971, relying on Landgraf, 511 U.S. at 272-73, 128 L. Ed. 2d at 256-57, 114 S. Ct. at 1500-01. In light of this significant shift, I believe that a reconsideration of the retroactivity of the 1993 amendments under the principles announced in Commonwealth Edison Co. is warranted. I first would consider whether the legislature intended the 1993 amendment to apply retroactively. The statute states, “The changes made by this amendatory Act of 1993 shall apply only to actions commenced on or after the effective date of this amendatory Act of 1993.” 735 ILCS 5/13 — 202.2(e) (West 2002). The instant case was filed 10 years after the 1993 amendments went into effect. Thus, when the statutory language is given its plain and ordinary meaning, the amendment applies absent a constitutional prohibition. I would next consider whether the retroactive application of the amendment would violate due process. As previously discussed, Commonwealth Edison Co. teaches that we must balance the reasons for and against a retroactive application and consider whether it is fair to apply the change retroactively. In assessing the fairness of a retroactive application, relevant considerations include (1) the legislature’s motive in enacting the statutory change, (2) the period of retroactivity, and (3) whether the parties detrimentally relied on the prior version of the law. Commonwealth Edison Co., 196 Ill. 2d at 44-45, 749 N.E.2d at 975. Applying these considerations to the instant case, we note that here the legislature deleted the statute of repose after it had been in effect for only three years. All three amendments to the statute evince an increasing legislative recognition that often the victims of childhood sexual abuse develop coping mechanisms that hinder the realization that their psychological injuries might be resultant of abuse that occurred decades earlier. Our courts acknowledge that childhood sexual abuse victims often suffer from repressed memory. See Hobert v. Covenant Children’s Home, 309 Ill. App. 3d 640, 642, 723 N.E.2d 384, 386 (2000). Here, the plaintiff alleges that a multiple personality disorder hindered her discovery. Amendments to the statute that make it easier to file a claim even many years after the alleged abuse occurs reflect the legislative intent to make the procedural limits on claims of this sort better suit the nature of the claim. That desire to fix the problems inherent in a previous version of a statute weighs in favor of retroactive application. See Commonwealth Edison Co., 196 Ill. 2d at 44, 749 N.E.2d at 975 (approving a législative motive to correct previously existing law). On the other hand, the period of retroactivity is quite long. The plaintiffs claim became time-barred by the earlier statute 13 years before she filed the instant action. This long period of retroactivity tends to weigh against a retroactive application. See Commonwealth Edison Co., 196 Ill. 2d at 44-45, 749 N.E.2d at 975. Most significantly, I find that the defendants cannot claim to have detrimentally relied on the statute of repose. The events at issue occurred decades before the statute of repose was enacted. The defendants argue that they will be prejudiced by having to defend a lawsuit involving the actions of an alleged abuser who has been deceased for more than 20 years. While this is undeniably true, it would be equally true if the plaintiff were born in 1964, in which case she would have turned 30 after the statute of repose was deleted and her claim never would have been barred. In other words, the difficulties inherent in defending an action such as the plaintiffs do not stem from a retroactive application of the statute itself. The difficulties flow, rather, from the legislature’s judgment that placing this burden on defendants is an acceptable price to pay for tailoring procedural limitations to provide victims of childhood sexual abuse a reasonable opportunity to seek redress for the horrific harm that they have endured. It is also worth noting that our courts have found that the 1990 legislation that added the statute of repose applied retroactively. M.E.H., 177 Ill. 2d at 216-17, 685 N.E.2d at 340; Phillips v. Johnson, 231 Ill. App. 3d 890, 894-95, 599 N.E.2d 4, 7-8 (1992). The retroactive application of the statute of repose interferes with the plaintiffs interest in pursuing a cause of action against the defendants, just as a retroactive application of the legislation removing the statute of repose interferes with the defendants’ interest in an absolute defense. It does not seem logical to apply different standards to retroactivity in the case of each of these related statutory changes. On the whole, I find that the retroactive application of the 1993 amendments does not violate due process. For the foregoing reasons, I respectfully dissent.