DAVID A. CLOUSE, Plaintiff-Appellant, v. HEIGHTS FINANCE CORPORATION, Defendant-Appellee and Third–Party Plaintiff-Appellant (C. Jack Andrews *et al.*, Third–Party Defendants-Appellees).

Third District  No. 3—86—0411

Opinion filed April 10, 1987.

William W. Sweasy, of Peoria, for appellant David A. Clouse.

Daniel G. O'Day and Dean B. Rhoads, both of Sutkowski & Washkuhn, of Peoria, Robert T. Hall, of Ensel, Jones, Blanchard & LaBarre, of Springfield, and Alan D. Tucker, of Havana, for Heights Finance Corporation.

JUSTICE WOMBACHER delivered the opinion of the court:

On October 2, 1981, plaintiff filed a complaint alleging multiple violations of the Consumer Installment Loan Act (CILA) with respect to each of six alleged loan transactions. (Ill. Rev. Stat. 1985, ch. 17, par. 5401 *et seq.*) On January 1, 1984, after the suit was filed but before trial, the penalty provision of the Act was amended. Plaintiff filed a motion for entry of judgement and defendant filed a motion for entry of judgement or order precluding the recoverability of cumulative penalties and determining the statute applicable to this action. The trial court ruled that the amended section 20(b) of the CILA, effective January 1, 1984, would be applied to determine plaintiff's remedy, if any, at trial. (Ill. Rev. Stat. 1985, ch. 17, par. 5426.) Further, the trial court ruled that under the new statute the maximum recovery possible for each loan was the amount of interest actually paid plus costs and attorney fees, even if the loan contained multiple violations. Plaintiff then filed this interlocutory appeal pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308).

Three issues are raised in this appeal: (1) whether plaintiff has preserved for review the issues raised in his brief; (2) whether section 20(b) of the Consumer Installment Loan Act as effective December 5, 1974, or section 20(b) as effective January 1, 1984, should be applied to determine the amount of plaintiff's remedy, if any, at trial; and (3) if the pre-1984 penalty provision applies, does it permit multiple recoveries if there are multiple violations within the same loan transaction.

The penalty provision of the CILA in effect at the time of the alleged violations and at the time the suit was filed was section 20(b) which allowed recovery of twice the total of all charges determined by

the loan contract or the loan charges actually paid by the plaintiff, whichever was greater. (Ill. Rev. Stat. 1979, ch. 74, par. 70(b).) Section 20(b) amended on January 1, 1984, now provides in relevant part, as a remedy for violation of the CILA, that the lender "shall not be entitled to collect any interest on such loan." Ill. Rev. Stat. 1985, ch. 17, par. 5426.

■■ The first question in this appeal is whether the plaintiff properly preserved for review the issues he raises in his brief. The defendant argues that plaintiff has waived these issues because he failed to file a written motion in opposition to defendant's motion for entry of judgement in the trial court and he failed to preserve on the record the oral arguments made in opposition to that motion.

A review of the trial court's order reveals that the two issues presented in plaintiff's brief were raised and fully argued in the trial court. The trial judge made specific findings as to the questions of law at issue in the trial court with the intent of allowing the plaintiff the opportunity to seek an interlocutory appeal to this court. The questions of law found to be at issue by the trial judge are the same issues raised by plaintiff on appeal. Therefore, we find that plaintiff has properly preserved for review the issues raised in this appeal.

■■ The second issue raised in this appeal is whether section 20(b) of the CILA as effective December 5, 1974, or section 20(b) as effective January 1, 1984, should be applied to determine the amount of the plaintiff's potential recovery. Plaintiff argues that the language of amended section 20(b) is clear and unambiguous and that this court should not resort to rules of construction. Plaintiff contends that "shall" is considered a "forward-looking" word and indicates a legislative intent of prospective application. (*Kapsalis v. Board of Fire & Police Commissioners* (1986), 143 Ill. App. 3d 465, 493 N.E.2d 56.) Plaintiff also claims that retroactive application of amended section 20(b) would affect substantive elements of his cause of action because it would effectively remove the heart of his cause of action.

Generally a legislative amendment is construed as prospective, unless there is express language declaring it to be retrospective. (*New York Life Insurance Co. v. Murphy* (1944), 388 Ill. 316, 58 N.E.2d 182.) When a legislative amendment affects only a remedy or procedure, however, "all rights of action will be enforceable under the new procedure without regard to whether they accrued before or after such change of law and without regard to whether the suit has been instituted or not, unless there is a savings clause as to existing litigation." *Nelson v. Miller* (1957), 11 Ill. 2d 378, 382.

In *Winter & Hirsh, Inc. v. Passarelli* (1970), 122 Ill. App. 2d 372,

259 N.E.2d 312, the court addressed the same question at issue in the case at bar. At the time of the trial, the amended statute at issue in *Winter & Hirsh* provided that when a loan was found usurious, the borrower was entitled to a penalty of twice the interest charged, plus attorney fees and court costs. At the time of the original transaction, however, the statute only allowed the borrower to be relieved of the obligation to pay the interest due under the loan. The appellate court, in ruling that retroactive application of the amended statute would not operate unfairly against the plaintiff, stated that the statutory provision involved remedial, and not substantive, rights.

We find the instant case to be in accord with *Winter & Hirsh, i.e.*, the penalty provision in this case is simply the reverse of that in *Winter & Hirsh*. The amendment to section 20(b) of the CILA (Ill. Rev. Stat. 1985, ch. 17, par. 5426(b)) provides merely a remedy for violations of the Act and contains no savings clause as to existing litigation. Therefore we hold that amended section 20(b), as effective January 1, 1984, should be applied retroactively to determine the amount of plaintiff's recovery, if any.

Plaintiff's claim that retroactive application of the statute would be unfair to him and would affect substantive rights is misplaced. Plaintiff has no vested right in any particular remedy or procedure. (*Ogden v. Gianakos* (1953), 415 Ill. 591, 597.) Plaintiff's substantive right to recover for alleged violations of the CILA is not being denied, instead only the remedy is being changed. Plaintiff can still recover the amount of the interest paid on any loans transacted in violation of the CILA. Because of our disposition of this issue, it is unnecessary to reach the third issue raised in this appeal.

For the reasons stated above, the judgement of the circuit court of Peoria County is affirmed.

Affirmed.

HEIPLE and STOUDER, JJ., concur.