JESSIE WEIMANN, as Next Friend and Guardian for the Person and Estate of Rosalie Weimann, Plaintiff-Appellant, v. MEADOW MANOR, INC., Defendant-Appellee.

Fifth District No. 5—96—0182

Opinion filed December 12, 1996.

Thomas Q. Keefe, Jr., P.C., of Belleville, and Louis A. DePaepe, P.C., of Taylorville, for appellant.

Murvel Pretorius, Jr., Julie A. Ward, and Michael J. Holt, all of Quinn, Johnston, Henderson & Pretorius, of Peoria, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, Jessie O. Weimann, guardian of the person and estate of Rosalie Weimann, appeals from an order entered by the circuit court of Christian County striking plaintiff's prayer for treble damages for injuries Rosalie Weimann allegedly sustained while a resident at Meadow Manor, the facility of defendant, Meadow Manor, Inc. Plaintiff seeks treble damages under section 3—602 of the Nursing Home Care Act (the Act) (210 ILCS 45/3—602 (West 1994)) as it existed on March 6, 1995, when plaintiff filed his complaint, prior to the amendment of section 3—602 by Public Act 89—197, effective July 21, 1995 (see 210 ILCS 45/3—602 (West Supp. 1995)). The circuit court entered an order certifying the question of treble damages for interlocutory appeal to this court. On appeal, the sole issue presented for our consideration is whether the amendment of section 3—602 by Public Act 89—197 shall be applied retroactively to actions occurring prior to July 21, 1995. We hold that the circuit court erred in applying the amended section 3—602 of Public Act 89—197 retroactively.

I

Count I of plaintiff's two-count complaint is premised upon liability under the Act and seeks treble damages and attorney fees. The complaint alleges that Rosalie Weimann, plaintiff's wife, was raped repeatedly by a licensed practical nurse employed by defendant and further alleges that defendant was warned repeatedly of the nurse's conduct and failed to prevent further sexual acts by the nurse against Rosalie Weimann. Count II alleges that plaintiff's injuries were caused by defendant's negligence and seeks compensatory and punitive damages.

At the time the alleged rapes occurred, from March 1993 through January 1995, and when plaintiff filed his complaint on March 6, 1995, section 3—602 of the Act provided:

"§ 3—602. The licensee shall pay 3 times the actual damages, or $500, whichever is greater, and costs and attorney's fees to a facility resident whose rights, as specified in Part 1 of Article II of this Act, are violated." 210 ILCS 45/3—602 (West 1994).

The General Assembly passed Public Act 89—197 while plaintiff's complaint was pending. Public Act 89—197, referred to as the "Health Care Worker Background Check Act," amended section 3—602 of the Act by repealing the treble damages provision. Section 3—602 now reads as follows:

"§ 3—602. The licensee shall pay the actual damages and costs and attorney's fees to a facility resident whose rights, as specified in Part 1 of Article II of this Act, are violated." 210 ILCS 45/3—602 (West Supp. 1995).

Upon enactment of Public Act 89—197, defendant moved to strike plaintiff's request for treble damages. On February 27, 1996, the trial court entered an interlocutory order granting defendant's motion to strike treble damages and, pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308), certifying the following question of law:

"Shall treble damages be stricken from actions brought under the Illinois Nursing Home Act, 210 ILCS 45/3—602, where the alleged facts supporting said actions occurred prior to the enactment of Public Act 89—0197 on July 21, 1995."

On April 4, 1996, we accepted jurisdiction to answer this question pursuant to Supreme Court Rule 308.

## II

Plaintiff contends that it was error for the trial court to apply Public Act 89—197 retroactively to strike treble damages from plaintiff's complaint. Plaintiff maintains that in light of our supreme court's decision in *First of America Trust Co. v. Armstead*, 171 Ill. 2d 282, 664 N.E.2d 36 (1996), Public Act 89—197 should not be applied retroactively because the amendments impose a new duty on plaintiff and create a new disability with respect to transactions and considerations already passed. We agree for the reasons set out below.

■ ■ Generally, a reviewing court is to apply the law as it exists at the time of the appeal unless doing so interferes with a vested right. *First of America Trust Co.*, 171 Ill. 2d at 289, 664 N.E.2d at 40. "[W]here an amendment does not reach back and interfere with vested rights, there is no truly retroactive impact." *First of America Trust Co.*, 171 Ill. 2d at 289, 664 N.E.2d at 40. An amendment has a retroactive impact when it " ' "takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability in respect of transactions or considerations already past." ' " *First of America Trust Co.*, 171 Ill. 2d at 290, 664 N.E.2d at 40, quoting *United States Steel Credit Union v. Knight*, 32 Ill. 2d 138, 142, 204 N.E.2d 4, 6 (1965), quoting 82 C.J.S. Statutes § 412 (1953). There is no retroactive impact where vested rights are not yet perfected or the amendment is procedural in nature. *First of America Trust Co.*, 171 Ill. 2d at 290, 664 N.E.2d at 40. Acknowledging that "[w]hether a particular expectation rises to the level of a vested right is not capable of precise definition," our supreme court has stated:

"[A] vested right [is] an expectation that is so far perfected that it cannot be taken away by legislation. *Sanelli v. Glenview State Bank*, 108 Ill. 2d 1, 20, 483 N.E.2d 226 (1985). Although not capable of precise definition, a vested right is a complete and unconditional demand or exemption that may be equated with a property inter-

est. See, *e.g.*, *Sepmeyer v. Holman*, 162 Ill. 2d 249, 642 N.E.2d 1242 (1994) (finding that expiration of a statute of limitations creates a vested right that is beyond legislative interference); [*City of Chicago v.*] *Collin*, 302 Ill. [270,] 275, 134 N.E. 751 [(1922)] (holding that owner of land sought to be taken for public use has a vested right to compensation pursuant to law in effect at time of filing of petition, because filing of petition creates 'an immediate, fixed and determinate right to any compensation')." *First of America Trust Co.*, 171 Ill. 2d at 290-91, 664 N.E.2d at 40.

■ Retroactive application of Public Act 89—197 to the existing controversy would take away or impair plaintiff's vested rights acquired under the Act prior to the enactment of Public Act 89—197 amending section 3—602. The Act, *inter alia*, gives a nursing home resident a cause of action against nursing home owners and operators for violations of the residents' rights under the Act. 210 ILCS 45/3—601 (West 1994). Before Public Act 89—197 became law, section 3—602 of the Act provided that the operator of the nursing home facility "shall pay 3 times the actual damages, or $500, whichever is greater, and costs and attorney's fees to a facility resident whose rights *** in Part I of Article II of this Act, are violated." 210 ILCS 45/3—602 (West 1994).

In the case at bar, the alleged wrongful acts, the repeated rape of Rosalie Weimann by defendant's employee, the alleged physical and psychological injuries to Rosalie Weimann, the report of the alleged sexual acts to the proper supervisory personnel, the alleged failure of said personnel to investigate the allegations or to take preventative measures, and the subsequent filing of plaintiff's complaint all occurred prior to the enactment of Public Act 89—197. Plaintiff's rights as set forth in part I of article II of the Act, to be free from abuse or neglect by a facility employee, as well as the Act's general requirement that the nursing home facility not create "a condition or occurrence relating to the operation and maintenance of a facility directly threatening to the health, safety or welfare of a resident" (210 ILCS 45/1—130, 2—107 (West 1994)), obviously would be violated by the events listed above. Plaintiff satisfied all the statutory requirements of section 3—602 as it existed. Consequently, plaintiff had a right to the recovery of treble damages as provided in the statute if the alleged violations were proved at trial. Although whether a particular expectation rises to the level of a vested right cannot be precisely defined, under the circumstances presented here, plaintiff's right to recover treble damages has been perfected and rises to the level of a vested right. See *Harraz v. Snyder*, 283 Ill. App. 3d 254, 669 N.E.2d 911 (1996). Accordingly, we conclude that section 3—602 as amended

by Public Act 89—197 retroactively impacts plaintiff's vested rights and may not be retroactively applied to strike plaintiff's prayer for treble damages.

Because of our foregoing conclusion, we need not address the remaining point raised by plaintiff concerning the retroactive application of new duties imposed on nursing home facilities by Public Act 89—197.

For the foregoing reasons, the order of the circuit court of Christian County is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

WELCH and CHAPMAN, JJ., concur.