FRANCISCA HERNANDEZ, Plaintiff-Appellee, v. WOODBRIDGE
NURSING HOME, Defendant-Appellant.

First District (4th Division)  No. 1—96—1137

Opinion filed March 31, 1997.

Christopher T. Hurley, of Christopher T. Hurley & Associates, P.C., of
Chicago, for appellant.

Mark P. Standa, of Pretzel & Stouffer, Chartered, of Chicago (Robert
Marc Chemers and Anne Scheitlin Johnson, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Woodbridge Nursing Home, appeals from an order
denying its motion to strike a prayer for treble damages for injuries
plaintiff, Francisca Hernandez, allegedly sustained as a resident of
the nursing home. Plaintiff filed her complaint on February 23, 1995,

and seeks treble damages under section 3—602 of the Illinois Nursing Home Care Act (210 ILCS 45/3—602 (West 1994)), as it existed on that date. During the pendency of plaintiff's action, the treble damages provision of section 3—602 was repealed by Public Act 89—197. Pub. Act 89—197, eff. July 21, 1995 (amending 210 ILCS 45/3—602 (West 1994)). The sole issue on appeal is whether the amended section 3—602 shall apply to causes of action accruing and actions filed prior to July 21, 1995. The trial court entered an order certifying the question for interlocutory appeal to this court. 155 Ill. 2d R. 308. For the reasons set forth below, we hold that the trial court properly denied defendant's motion to strike plaintiff's claim for treble damages.

On February 23, 1995, plaintiff filed a one-count complaint against Woodbridge. The complaint alleges that, in August 1993, as a resident of the nursing home, plaintiff fell while attempting to transfer herself from her wheelchair to a toilet seat. The complaint also alleges that, in October 1993, plaintiff fell again when a Woodbridge employee could not support her during a transfer from a toilet seat to her wheelchair. The complaint alleges that defendant acted negligently in providing inadequate surveillance and supervision; in failing to evaluate plaintiff's risk of falling; in allowing plaintiff to fall in August and October 1993; and in not providing adequate medical care after her falls.

At the time the alleged negligence occurred in 1993, and when plaintiff filed her complaint on February 23, 1995, section 3—602 of the Illinois Nursing Home Care Act (210 ILCS 45/3—602 (West 1994)) provided:

"§ 3—602. The licensee shall pay 3 times the actual damages, or $500, whichever is greater, and costs and attorney's fees to a facility resident whose rights, as specified in Part 1 of Article II of this Act, are violated." 210 ILCS 45/3—602 (West 1994).

While plaintiff's complaint was pending, the Illinois General Assembly enacted Public Act 89—197, effective July 21, 1995. Among other changes, Public Act 89—197 repealed the treble damages provision of section 3—602. Pub. Act 89—197, eff. July 21, 1995 (amending 210 ILCS 45/3—602 (West 1994)). Section 3—602 now provides:

"§ 3—602. The licensee shall pay the actual damages and costs and attorney's fees to a facility resident whose rights, as specified in Part 1 of Article II of this Act, are violated." 210 ILCS 45/3—602 (West Supp. 1995).

Upon enactment of Public Act 89—197, defendant moved to strike plaintiff's claim for treble damages. On February 28, 1996, the trial court denied defendant's motion. The court found it significant that

both of the incidents giving rise to plaintiff's cause of action and the filing of plaintiff's complaint occurred prior to the legislature's repeal of the treble damages provision. In conjunction with its decision, the trial court, pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308), certified the following question of law for review by this court:

> "May a plaintiff plead (and ultimately be awarded) treble damages for violation of the Nursing Home Health Care Act (210 ILCS 45/1—101 *et seq.*) where a cause of action accrued (injury occurred) and where the lawsuit was filed at a time when the Act provided for treble damages, the Act later being amended to delete the treble damages provision?"

On May 28, 1996, this court granted leave to appeal pursuant to Rule 308 (155 Ill. 2d R. 308).

Recently, the fifth district of this court addressed the identical issue before us. In *Weimann v. Meadow Manor, Inc.*, 285 Ill. App. 3d 455, 674 N.E.2d 143 (1996), the certified question before the court was phrased as follows:

> " 'Shall treble damages be stricken from actions brought under the Illinois Nursing Home Act, 210 ILCS 45/3—602, where the alleged facts supporting said actions occurred prior to the enactment of Public Act 89—0197 on July 21, 1995?' " *Weimann*, 285 Ill. App. 3d at 457, 674 N.E.2d at 144.

The *Weimann* court answered this question in the negative. The court held: "[R]etroactive application of Public Act 89—197 to the existing controversy would take away or impair plaintiff's vested rights acquired under the Act prior to the enactment of Public Act 89—197 amending section 3—602." *Weimann*, 285 Ill. App. 3d at 458, 674 N.E.2d at 145.

The *Weimann* court cited *First of America Trust Co. v. Armstead*, 171 Ill. 2d 282, 664 N.E.2d 36 (1996), where the Illinois Supreme Court recently reviewed the various principles and approaches used in determining whether a statutory amendment applies to an existing controversy on appeal. Under *Armstead*, a reviewing court should apply the law as it exists at the time of the appeal unless doing so would interfere with a vested right. *Armstead*, 171 Ill. 2d at 289-90, 664 N.E.2d at 39-40. The court explained that where an amendment does not reach back and interfere with vested rights, there is no true retroactive impact. *Armstead*, 171 Ill. 2d at 289, 664 N.E.2d at 40. Yet, where it takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability in respect of transactions or considerations already past, an amendment is truly retroactive. *Armstead*, 171 Ill. 2d at 290, 664 N.E.2d at 40.

The *Armstead* court acknowledged that "[w]hether a particular expectation rises to the level of a vested right is not capable of precise definition." *Armstead*, 171 Ill. 2d at 290, 664 N.E.2d at 40. A vested right can be described as an "expectation that is so far protected that it cannot be taken away by legislation," or a "complete and unconditional demand or exemption that may be equated with a property interest." *Armstead*, 171 Ill. 2d at 290-91, 664 N.E.2d at 40. For example, the expiration of a statute of limitations creates a vested right that is beyond legislative interference. *Armstead*, 171 Ill. 2d at 291, 664 N.E.2d at 40, citing *Sepmeyer v. Holman*, 162 Ill. 2d 249, 642 N.E.2d 1242 (1994). Also, a landowner in an eminent domain case would have a vested right to compensation upon the filing of an appropriate petition. *Armstead*, 171 Ill. 2d at 291, 664 N.E.2d at 40, citing *City of Chicago v. Collin*, 302 Ill. 270, 134 N.E. 751 (1922). Yet, in *Armstead*, the plaintiff had no vested rights in registering petroleum tanks and receiving compensation under a prior version of the Gasoline Storage Act (430 ILCS 15/4(b)(1)(a) (West 1992)), where the "[p]laintiff had not satisfied the statutory prerequisites so as to create a reasonable expectation of reimbursement *** prior to the amendment." *Armstead*, 171 Ill. 2d at 293, 664 N.E.2d at 41.

Since *Armstead*, several appellate court decisions, including *Weimann*, have set forth a "vested rights" approach to determine the applicability of a statutory amendment to an existing controversy. *Link v. Venture Stores, Inc.*, 286 Ill. App. 3d 977 (1997) (plaintiff's vested rights impaired by amendment easing requirements for dismissal of nonmanufacturing defendant in product liability suit); *In re Application of Rosewell*, 286 Ill. App. 3d 814 (1997) (amendment to Property Tax Act (35 ILCS 200/23—15 (West 1994)) would impair vested rights by reaching back and realigning rights of collector and objector JC Penney); *M.E.H. v. L.H.*, 283 Ill. App. 3d 241, 669 N.E.2d 1228 (1996), *appeal granted*, 169 Ill. 2d 570 (1996) (defendant had vested right in statute of repose); *Martin v. Department of Professional Regulation*, 284 Ill. App. 3d 591, 672 N.E.2d 267 (1996) (vested rights not impaired by allowing plaintiff to name a necessary party pursuant to amendment); *Harraz v. Snyder*, 283 Ill. App. 3d 254, 669 N.E.2d 911 (1996), *appeal denied*, 169 Ill. 2d 567 (1996) (plaintiff's vested rights impaired by amendment abolishing doctrine of apparent agency in medical malpractice actions against hospitals); *County of Hamilton v. Department of Revenue*, 279 Ill. App. 3d 639, 665 N.E.2d 567 (1996) (vested rights not impaired by denial of tax exemptions for underground coal reserves where statutory amendment merely clarified existing law); *Valdez v. Zollar*, 281 Ill. App. 3d 329, 665 N.E.2d 560 (1996), *appeal denied*, 168 Ill. 2d 627 (1996) (plaintiffs

who passed nursing exam had vested rights in law existing prior to amendment that now requires passage within three years of first attempt); *Board of Education, School District No. 15 v. Armstead*, 279 Ill. App. 3d 922, 665 N.E.2d 409 (1996) (no vested right to register storage tanks).

■ In the present case, the trial court expressed its belief that striking plaintiff's prayer for treble damages would violate plaintiff's vested rights. The *Weimann* court reached the same conclusion, where, like here, the acts giving rise to the plaintiff's cause of action and the filing of the plaintiff's complaint occurred prior to the amendment. *Weimann*, 285 Ill. App. 3d at 458, 674 N.E.2d at 145. The *Weimann* court explained:

> "Plaintiff satisfied all the statutory requirements of section 3—602 as it existed. Consequently, plaintiff had a right to the recovery of treble damages as provided in the statute if the alleged violations were proved at trial. Although whether a particular expectation rises to the level of a vested right cannot be precisely defined, under the circumstances presented here, plaintiff's right to recover treble damages has been perfected and rises to the level of a vested right. [Citation.] Accordingly, we conclude that section 3—602 as amended by Public Act 89—197 retroactively impacts plaintiff's vested rights and may not be retroactively applied to strike plaintiff's prayer for treble damages." *Weimann*, 285 Ill. App. 3d at 458-59, 674 N.E.2d at 146.

Defendant contends that *Weimann* was decided wrongly and urges us to reach an opposite conclusion. We decline to do so, however, as we also conclude that application of the amendment would impair plaintiff's vested rights. As in *Weimann*, we find it significant that the amendment was enacted after plaintiff's cause of action accrued and after she filed her complaint. We are further persuaded by an additional argument set forth by plaintiff. Plaintiff points out that under the preamended version of section 3—602 (210 ILCS 45/3—602 (West 1994)), she could receive treble damages, which are a form of punitive damages, by proving simple negligence. With the repeal of the treble damages provision, however, it is now necessary to prove willful and wanton misconduct to obtain any punitive damages under the Nursing Home Care Act (210 ILCS 45/1—101 *et seq.* (West Supp. 1995)). In effect, plaintiff argues, the amendment amounts to a substantive change in the law and should be applied prospectively. We agree and find support for this conclusion in *Harraz v. Snyder*, 283 Ill. App. 3d 254, 669 N.E.2d 911 (1996). As noted above, the *Harraz* court declined to apply retroactively the legislature's recent abolishment of the judicially developed doctrine of apparent

agency as applied to hospitals and other medical providers. *Harraz*, 283 Ill. App. 3d at 263-66, 669 N.E.2d at 917-19. The court held that "the new legislative enactment effected a substantive change in the law" by altering the obligations and liabilities between the parties and modifying the elements to be pleaded and proved. *Harraz*, 283 Ill. App. 3d at 260, 669 N.E.2d at 915. The statute imposed a new disability upon the plaintiff with respect to a transaction that had already occurred. *Harraz*, 283 Ill. App. 3d at 261, 669 N.E.2d at 915. The *Harraz* court went on to find that the plaintiff's accrued cause of action became a vested right and "should not be defeated by retroactive application of the new statute." *Harraz*, 283 Ill. App. 3d at 264, 669 N.E.2d at 918.

Similarly, application of the amendment at issue here would be improper. As in *Weimann*, plaintiff took all the steps necessary to perfect her claim for treble damages prior to the amendment to section 3—602, and we remain unconvinced that *Weimann* was decided wrongly. We also find the reasoning in *Harraz* compelling. By repealing the treble damages provision of section 3—602, the legislature effectively altered the rights and obligations of the parties by modifying the elements to be pleaded and proved to recover more than actual damages. At the time plaintiff filed her action, she had a right to recover treble damages for injuries caused by defendant's mere negligence. 210 ILCS 45/3—602 (West 1994). Defendant at that time had an obligation under section 3—602 to pay treble damages for negligent acts toward a facility resident. 210 ILCS 45/3—602 (West 1994). Now, a defendant named in an action under the Nursing Home Care Act (210 ILCS 45/1—101 *et seq.* (West Supp. 1995)) could only become obligated to pay more than actual damages upon a showing of willful and wanton misconduct. We agree with plaintiff that this amounts to a substantive change in the law that should not be imposed on the parties here. For these reasons, in addition to those set forth in *Weimann*, we believe that striking plaintiff's prayer for treble damages would impair her vested rights.

Accordingly, in answering the trial court's certified question, we hold that plaintiff may plead (and ultimately be awarded) treble damages for violation of the Nursing Home Care Act (210 ILCS 45/1—101 *et seq.* (West 1994)) where her cause of action accrued and where the lawsuit was filed at a time when section 3—602 provided for the recovery of treble damages. The judgment of the circuit court of Cook County is affirmed.

Affirmed.

WOLFSON, P.J., and BURKE, J., concur.