June 29, 1998

NO. 4-98-0006

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

IRIS DARDEEN, as Administrator of the ) Appeal from

Estate of ALMA HEAD, Deceased, ) Circuit Court of

Plaintiff-Appellant, ) Clark County

v. ) No. 97L7

THE HEARTLAND MANOR, INC., Nursing )

Center, ) Honorable

Defendant-Appellee. ) Tracy W. Resch,

) Judge Presiding.

_________________________________________________________________

JUSTICE McCULLOUGH delivered the opinion of the court:

On June 25, 1997, plaintiff Iris Dardeen, as administra­tor of the estate of Alma Head, deceased, filed in the circuit court of Clark County a four-count complaint against defendant Heartland Manor, Inc., owner and licensee of Heartland Manor Nursing Home, alleging defendant negligently caused the death of Head on June 26, 1995.  Count I attempted to allege a cause of action based on a violation of the Nursing Home Care Act (Act) (210 ILCS 45/1-101 
et
 
seq
. (West 1994)) and prayed for treble damages pursuant to section 3-602 of the Act (210 ILCS 45/3-602 (West 1994)).  In its motion to strike the prayer for relief of count I, defendant referred to the amendment to section 3-602 of the Act effective July 21, 1995, removing treble damages from the language of the statute.  210 ILCS 45/3-602 (West Supp. 1995).  After considering the arguments of counsel, the trial court granted the motion to strike the prayer for relief.  Subsequently, on plaintiff's motion, the trial court certified the following question of law to this court pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308):

"Shall treble damages be stricken from actions brought under the Illinois Nursing Home Act, 210 ILCS 45/3-602, where the alleged facts supporting said actions occurred before the enactment of Public Act 89-0197 of July 21, 1995, and the pleadings to recover said damag­es are filed subsequent to the enactment of said Public Act?"

Having granted plaintiff's application for leave to bring this interlocutory appeal pursuant to Rule 308, we now answer the question:  yes.

Rule 308 allows certification of questions of law.  155 Ill. 2d R. 308(a).  Questions of law are considered 
de
 
novo
, independent of the trial court's determination of the question.  
Lucas v. Lakin
, 175 Ill. 2d 166, 171, 676 N.E.2d 637, 640 (1997); 
In re Lawrence M.
, 172 Ill. 2d 523, 526, 670 N.E.2d 710, 712 (1996).

On June 26, 1995, the date of Head's death, section 3-602 of the Act provided as follows:  "The licensee shall pay 3 times the actual damages, or $500, whichever is greater, and costs and attorney's fees to a facility resident whose rights, as specified in Part 1 of Article II of this Act, are violated."  210 ILCS 45/3-602 (West 1994).  Effective July 21, 1995, section 3-602 was amended by Public Act 89-197 (Pub. Act 89-197, §90, eff. July 21, 1995 (1995 Ill. Laws 2472, 2480)) to provide as follows:  "The licensee shall pay the actual damages and costs and attorney's fees to a facility resident whose rights, as specified in Part 1 of Article II of this Act, are violated."  210 ILCS 45/3-602 (West Supp. 1995).  Prior to the amendment, section 3-602 allowed for awards of treble damages for a facility's negligent failure to provide adequate medical care, resulting in a physical injury to a resident, as alleged in this case.  
Harris v. Manor Healthcare Corp.
, 111 Ill. 2d 350, 366-67, 489 N.E.2d 1374, 1381 (1986).

In deciding a case, the courts apply the law as amended, unless doing so interferes with a vested right.  Vested rights are protected from interference by the due process clause of the Illinois Constitution (Ill. Const. 1970, art. I, §2).  When no vested right is involved, either because it is not yet perfected or the amendment is procedural in nature, the amendment can be applied to the existing controversy.  Although not capable of precise definition, a vested right is an expectation that is so far perfected it cannot be taken away by the legislature; it is a complete and unconditional demand or exemption that may be equated with a property interest. There is no vested right in the mere continuance of a law, and the legislature has an ongoing right to amend the statute.  
First of America Trust Co. v. Armstead
, 171 Ill. 2d 282, 289-91, 664 N.E.2d 36, 39-40 (1996).

Plaintiff argues she has a vested cause of action in this case.  A common law cause of action accrues at the time of injury.  
Harraz v. Snyder
, 283 Ill. App. 3d 254, 263, 669 N.E.2d 911, 917 (1996); see also 
Zielnik v. Loyal Order of Moose, Lodge No. 265
, 174 Ill. App. 3d 409, 411, 528 N.E.2d 384, 386 (1988).  The case at bar does not involve a common law cause of action.  In addition, the amendment to section 3-602 of the Act does not deprive plaintiff of her cause of action.  The amendment merely changes the nature of the damages that may be recovered.  

We disagree with the analysis of the Fifth and First District Appellate Courts in 
Weimann v. Meadow Manor, Inc.
, 285 Ill. App. 3d 455, 457-59, 674 N.E.2d 143, 145-46 (1996), and 
Hernandez v. Woodbridge Nursing Home
, 287 Ill. App. 3d 641, 642-46, 678 N.E.2d 788, 789-92 (1997), finding that plaintiffs whose cause of action arose prior to the amendment may plead treble damages because the application of the amendment to section 3-602 would interfere with a vested right.  In 
Weimann
 and 
Hernandez
, the amendment was enacted after the accrual of the causes of action and after plaintiffs filed their com­plaints.  
Hernandez
, 287 Ill. App. 3d at 645, 678 N.E.2d at 791;  
Weimann
, 285 Ill. App. 3d at 458, 674 N.E.2d at 145.  Although in this case plaintiff did not file her complaint before the amendato­ry act was enacted or before its effective date, that factual distinction is not the basis for our disagreement with 
Weimann
 and 
Hernandez
.  

The 
Hernandez
 decision concludes that the amendment to the statute is a substantive change in the law because plaintiff is now required to prove wilful and wanton misconduct to obtain punitive damages under the Act.  
Hernandez
, 287 Ill. App. 3d at 645-46, 678 N.E.2d at 791-92.  In 
Harris
, however, the supreme court made it clear that an injured respondent was entitled to seek punitive damages for wilful and wanton misconduct and treble damages under former section 3-602 of the Act, but the trial court was to fashion the judgment to avoid double recovery.  
Harris
, 111 Ill. 2d at 361-66, 489 N.E.2d at 1378-81.  Therefore, an injured resident always had to prove wilful and wanton misconduct to get punitive damages, but not to be entitled to the treble damages remedy, which was a different and distinct remedy under the Act.

There is no vested right in any particular remedy or procedure.  A change in law affecting the remedy or procedure will be employed without regard to whether the cause of action accrued before or after the change in the law or when the suit was instituted unless there is a savings clause as to existing legislation.  
Ogdon v. Gianakos
, 415 Ill. 591, 597, 114 N.E.2d 686, 690 (1953).  Such retrospective application of an amendment to a statute creates a problem only if it operates unfairly against a litigant who justifiably acted in reliance on the prior law.  
Nelson v. Miller
, 11 Ill. 2d 378, 383, 143 N.E.2d 673, 676 (1957).

In this case, there was no savings clause as to existing legislation.  In 
Winter & Hirsch, Inc. v. Passarelli
, 122 Ill. App. 2d 372, 383-86, 259 N.E.2d 312, 318-19 (1970), the court allowed plaintiffs to seek a penalty of twice the interest charged, plus attorney fees and court costs, under the amended statute providing for penalties for usurious rates of interest (Ill. Rev. Stat. 1965, ch. 74, par. 6) even though at the time of the original transaction the statute only freed an aggrieved borrower from the obligation to pay the interest on the loan without granting the right to a penalty.  Here, the change in the law is simply the reverse of that in 
Winter & Hirsch
, reducing the amount that could be recovered instead of increasing it.  This case is similar to 
Clouse v. Heights Finance Corp.
, 156 Ill. App. 3d 975, 510 N.E.2d 1 (1987).  In 
Clouse
, the penalty provision in effect at the time of the alleged violation of the Consumer Installment Loan Act allowed recovery of twice the total of all charges determined by the loan contract or the loan charges actually paid, whichever were greater (Ill. Rev. Stat. 1979, ch. 74, par. 70(b)), but after the lawsuit was filed the penalty provision was amended to provide simply that the lender shall not be entitled to collect any interest on the loan (Ill. Rev. Stat. 1985, ch. 17, par. 5426(b)).   
Clouse
, 156 Ill. App. 3d at 976-77, 510 N.E.2d at 2.  In 
Clouse
, the amended statute was applied to that case.   
Clouse
, 156 Ill. App. 3d at 978, 510 N.E.2d at 3.  A similar result is appropriate in this case.

The answer to the certified question is yes, a request for treble damages in actions brought under the Act should be stricken when the facts alleged in support of the action occurred prior to the amendment to section 3-602 of the Act effective July 21, 1995, and the complaint was filed subsequent to the enactment of the amendment.

Certified question answered.

GARMAN, P.J., and STEIGMANN, J., concur.