RICHARD DITSWORTH, as Special Adm'r of the Estate of Wayne Ditsworth, Deceased, Plaintiff-Appellee, v. KANKAKEE TERRACE PARTNERSHIP, d/b/a Kankakee Terrace, et al., Defendants-Appellants.

Third District    No. 3—97—1014

Opinion filed August 12, 1998.

SLATER, J., specially concurring.

Martha Swatek, of Connelly & Schroeder, of Geneva, for appellant Man Lee.

Laura Lally and J. Scott Myers (argued), both of O'Connor, Schiff & Myers, of Chicago, for other appellants.

Mary Ellen Cagney, of Levin & Perconti (argued), of Chicago, for appellee.

JUSTICE LYTTON delivered the opinion of the court:

The plaintiff filed a complaint seeking treble damages for violations of the Nursing Home Care Act (Act) (210 ILCS 45/3—602 (West 1994)). The defendants moved to dismiss this count because the legislature had repealed the treble damages provisions before the complaint was filed. The trial court denied the motion and certified a question to this court regarding the retroactive application of the amendment to the Act.

## FACTS

On September 5, 1996, Richard Ditsworth, as the special administrator of the estate of Wayne Ditsworth, filed a complaint against the Kankakee Terrace Partnership, d/b/a Kankakee Terrace, and Morris Esformes, Arnold Gassel, Bernard Cohen (together, Kankakee Ter-

race) and Man Lee, M.D. In count I of the complaint, Ditsworth sought treble damages for Kankakee Terrace's alleged violations of the Act between August 2, 1994, and September 8, 1994.

Kankakee Terrace filed a motion to dismiss this count because that provision of the Act had been repealed effective July 21, 1995. See 210 ILCS 45/3—602 (West Supp. 1995). After hearing oral arguments, the trial court denied the motion and noted the absence of case law on the issue. Kankakee Terrace filed a motion to certify a question to this court pursuant to Supreme Court Rule 308(a). 155 Ill. 2d R. 308. The trial court granted the motion and certified the following question of law for interlocutory review:

> "Does the amended section 3—602 of the Illinois Nursing Home Care Act apply to causes of action accruing before July 21, 1995 and actions filed *after* July 21, 1995?" (Emphasis in original.)

This court granted leave to appeal.

## DISCUSSION

Kankakee Terrace argues that the amendment repealing the treble damages provision of the Act applies to causes of action accruing prior to the effective date of the repeal but filed after that date; it contends that no vested right to recovery exists until after a complaint has been filed.

■ On appeal, questions of law are reviewed *de novo*. See *Lucas v. Lakin*, 175 Ill. 2d 166, 171, 676 N.E.2d 637, 640 (1997). A review of the applicable case law reveals that our appellate courts are evenly divided on this issue.

In *White v. Sunrise Healthcare Corp.*, 295 Ill. App. 3d 296, 692 N.E.2d 1363 (2nd Dist. 1998), and *Dardeen v. Heartland Manor, Inc.*, 297 Ill. App. 3d 684 (4th Dist. 1998), the relevant facts are identical to those in the instant appeal. In those cases, a complaint was filed against a residential nursing home seeking treble damages after the effective date of the amendment repealing this provision (see 210 ILCS 45/3—602 (West Supp. 1995)). Both courts held that the amendment applied retroactively to any complaint filed after the effective date, even though the underlying cause of action accrued before that date.

*White* and *Dardeen* relied on *First of America Trust Co. v. Armstead*, 171 Ill. 2d 282, 289-91, 664 N.E.2d 36, 39-40 (1996), in which our supreme court discussed the link between the nature of the rights affected and the retroactivity of the legislation. In *Armstead*, the plaintiff was in the process of appealing the denial of its application to register its underground gasoline storage tanks pursuant to the applicable statute when the statute was amended, precluding their registration. *Armstead*, 171 Ill. 2d at 285-86, 664 N.E.2d at 38-39.

The court stated that the law in existence at the time of the appeal should be applied unless it infringed on a vested right. The court stated that, while a vested right cannot be defined with precision, it is an unconditional right that has become so perfected as to constitute a property interest. A mere interest or expectation rises to this level only if it is sufficiently perfected or the change in the law is substantive in nature. *Armstead*, 171 Ill. 2d at 289-91, 664 N.E.2d at 39-40. There is no vested right in the continuation of a law because the legislature may amend a statute at its discretion. *Armstead*, 171 Ill. 2d at 291, 664 N.E.2d at 40.

*Armstead* held that the plaintiff had no vested right to register its storage tanks under the law because it had not satisfied the statutory prerequisites for registration *before* the statute was amended. In the absence of a vested right, the amended statute applied because the plaintiff had no reasonable expectation of reimbursement. *Armstead*, 171 Ill. 2d at 293, 664 N.E.2d at 41. Applying these principles, *White* and *Dardeen* found no vested right to treble damages under the Act.

In contrast, the court in *Weimann v. Meadow Manor, Inc.*, 285 Ill. App. 3d 455, 458, 674 N.E.2d 143, 145 (5th Dist. 1996), analyzed *Armstead* and concluded that retroactive application removed or impaired the plaintiff's vested right to pursue a cause of action under the Act. In *Hernandez v. Woodbridge Nursing Home*, 287 Ill. App. 3d 641, 678 N.E.2d 788 (1st Dist. 1997), the court agreed and added that the amendment constituted a substantive change in the law because it altered the showing required to receive punitive damages from simple negligence to willful and wanton conduct. Because this change imposed a new disability on plaintiffs concerning a past transaction, it was substantive in nature and could only be applied prospectively. *Hernandez*, 287 Ill. App. 3d at 645-46, 678 N.E.2d at 791-92.

We disagree with *Weimann* and *Hernandez*. Although the amendment eliminates punitive damages for such violations, it does not bar the cause of action. A plaintiff may still sue for violations of the Act. Retroactive restrictions on the availability of remedies are permissible as long as they do not "work a deprivation of the underlying substantive right." *White*, 295 Ill. App. 3d at 300, 692 N.E.2d at 1367. Thus, the effect of the amendment is remedial.

Furthermore, in *Armstead*, the court found that the plaintiff did not have a vested right to register its storage tanks because "the change in the statute did not create a new obligation or duty with respect to a *past transaction*." (Emphasis added.) *Armstead*, 171 Ill. 2d at 291, 664 N.E.2d at 40. Because the plaintiff was in the process of registering the tanks when the amendment was enacted, no "past transaction" was implicated.

■ In this case, Ditsworth had not even begun to enforce his rights under the Act by filing a complaint when the amendment was enacted.[1] His subsequent filing of a complaint does not constitute a "past transaction" under *Armstead*. Ditsworth did not have a reasonable expectation of being awarded treble damages prior to filing a complaint under the Act. Without a reasonable expectation of obtaining a particular form of relief, he can have no vested right in seeking treble damages. See *Armstead*, 171 Ill. 2d at 293, 664 N.E.2d at 41.

Because the amendment had no retroactive impact on a vested right, we answer the certified question in the positive: the amended section of the Act applies to causes of action accruing before July 21, 1995, and actions filed *after* July 21, 1995.

## CONCLUSION

The certified question of the circuit court of Kankakee County is answered, and the cause is remanded for further proceedings consistent with this opinion.

Certified question answered.

HOMER, P.J., concurs.

JUSTICE SLATER, specially concurring:

I agree with the result reached in this case, but I write separately to clarify one aspect of the decision. The concept of a "vested right" is, as the *Armstead* court noted, "not capable of precise definition." *Armstead*, 171 Ill. 2d at 290, 664 N.E.2d at 40. In finding that plaintiff had no vested right to treble damages in this case, the court in part relies on the fact that plaintiff did not file his complaint prior to the effective date of the amendment. To the extent that this implies that plaintiff *would* have had a vested right to treble damages if he had filed earlier, I disagree. In my opinion, a plaintiff could *never* have a vested right to treble damages. Such damages are unrelated to a plaintiff's right to compensation for his injuries and are punitive in nature. They are purely a matter of legislative grace, revocable at will. See *Armstead*, 171 Ill. 2d at 291, 664 N.E.2d at 40 (there is no vested right in the mere continuance of a law; the legislature has an ongoing

---

[1]Because the certified question in this case concerns only causes of action accruing before July 21, 1995, and filed after this date, we limit our discussion to this factual context. Any discussion in this opinion of the amendment's effect on complaints filed before July 21, 1995, would be *dicta*.

right to amend a statute). In other words, a person cannot have a "vested right" to a legislatively created windfall. I concur.