(No. 85917.— )

IRIS DARDEEN, Adm'r of the Estate of Alma Head, Deceased, Appellant, v. HEARTLAND MANOR, INC., Appellee.

*Opinion filed April 15, 1999.*

J.C. Mitchell, of Mitchell & Bradley, of Marion, for appellant.

Richard C. Hayden and Kristine M. Tuttle, of Craig & Craig, of Mattoon, for appellee.

JUSTICE McMORROW delivered the opinion of the court:

At issue in this appeal is whether an amendment to section 3—602 of the Nursing Home Care Act (Act) (210 ILCS 45/3—602 (West 1996)) should be given retroactive effect. Prior to the amendment, section 3—602 required a licensee to pay treble damages plus costs and attorney fees to a facility resident for a violation of the resident's rights under article II, part 1, of the Act (see 210 ILCS 45/2—101 *et seq.* (West 1994)). Public Act 89—197 (Pub. Act 89—197, § 90, eff. July 21, 1995) repealed the treble damages provision contained in section 3—602, limiting recovery for violations of the Act to actual damages, costs, and attorney fees.

The trial court granted defendant's motion to strike the portion of plaintiff's complaint requesting treble damages. Pursuant to a motion by plaintiff, the trial court also certified the following question of law to the appellate court, as provided in Supreme Court Rule 308 (155 Ill. 2d R. 308):

"Shall treble damages be stricken from actions brought under the Illinois Nursing Home Act, 210 ILCS 45/3—602, where the alleged facts supporting said actions occurred before the enactment of Public Act 89—0197 on July 21, 1995, and the pleadings to recover said damages are filed subsequent to the enactment of said Public Act?"

The appellate court, Fourth District, answered this

certified question in the affirmative. 297 Ill. App. 3d 684. The appellate court held that the amendment to section 3—602 constituted a remedial act of the legislature which only changed the nature of the damages that may be recovered by a plaintiff under the Act. Because the amendment did not interfere with a vested right, the appellate court held that it was appropriate for the statute to be applied to pending claims arising prior to the effective date of the amendment. For the reasons that follow, we affirm.

## BACKGROUND

Alma Head was a resident of the Heartland Manor Nursing Home, which was owned and operated by defendant, Heartland Manor, Inc. On June 25, 1997, plaintiff, Iris Dardeen, as administrator of the estate of Alma Head, filed in the circuit court of Clark County a multi-count complaint against defendant, alleging that defendant violated the Nursing Home Care Act (210 ILCS 45/ 1—101 *et seq.* (West 1994)) by negligently causing Head's death on June 26, 1995. Count I of plaintiff's complaint, which is the only count at issue in this appeal, alleged that Head developed serious respiratory problems one week before her death, and that, although defendant was aware of Head's medical condition, it negligently failed to provide Head with necessary medical treatment until June 25, 1995. The complaint indicates that Head died of bronchial pneumonia on June 26, 1995. Count I of the complaint alleged that defendant's negligence was a proximate cause of Head's death.

The prayer for relief in count I of the complaint requested an award of treble damages pursuant to section 3—602 of the Act (210 ILCS 45/3—602 (West 1994)). At the time of Head's death, section 3—602 allowed awards of treble damages for a nursing home's negligent failure to provide adequate medical care when this fail-

ure resulted in a physical injury to a resident. Section 3—602 read as follows:

"The licensee shall pay 3 times the actual damages, or $500, whichever is greater, and costs and attorney's fees to a facility resident whose rights, as specified in Part 1 of Article II of this Act, are violated." 210 ILCS 45/3—602 (West 1994).

Effective July 21, 1995, section 3—602 of the Act was amended by Public Act 89—197 (Pub. Act 89—197, § 90, eff. July 21, 1995). This amendment repealed the treble damages provision. As amended, section 3—602 provides:

"The licensee shall pay the actual damages and costs and attorney's fees to a facility resident whose rights, as specified in Part 1 of Article II of this Act, are violated." 210 ILCS 45/3—602 (West 1996).

The amendment included no savings clause preserving treble damages for pending cases, nor did it contain provisions addressing whether the amendment's application was to be prospective or retroactive.

Based upon the amendment to section 3—602, defendant filed a motion to strike the prayer for treble damages in count I of plaintiff's complaint. On November 13, 1997, the trial court granted defendant's motion. In a docket entry, the trial court judge noted that plaintiff's complaint was filed over two years after the date of the repeal of the treble damages provision, and found that "no vested rights are involved because plaintiff had not perfected her claim by filing suit before the law was changed. A vested right is an expectation that is so far perfected that it may be equated with a property interest and cannot be taken away by the legislature; that is not the circumstance here."

The appellate court, Fourth District, accepted the question of law certified by the trial court, and answered this question in the affirmative. Relying upon this court's decision in *First of America Trust Co. v. Armstead*, 171 Ill. 2d 282 (1996), the appellate court rejected plaintiff's contention that she had a vested right in the recovery of

treble damages for her negligence cause of action under the Act. Citing to *Armstead*, the appellate court observed that amended laws are applied to existing controversies where no vested rights are involved, either because such rights are not yet perfected or because the amendment is procedural in nature. 297 Ill. App. 3d at 686. Because the amendment to section 3—602 "merely change[d] the nature of the damages that may be recovered," and because there is no vested right in any particular remedy or procedure, the appellate court held that it was proper to apply the amended statute to plaintiff's suit. 297 Ill. App. 3d at 686. In arriving at its conclusion, the appellate court disagreed with the decisions in *Hernandez v. Woodbridge Nursing Home*, 287 Ill. App. 3d 641, 642-46 (1997), and *Weimann v. Meadow Manor, Inc.*, 285 Ill. App. 3d 455, 457-59 (1996), in which the First and Fifth Districts of the appellate court had answered similar certified questions in the negative, thereby allowing the plaintiffs in those cases to pursue treble damages.

We granted plaintiff's petition for leave to appeal. 166 Ill. 2d R. 315.

## ANALYSIS

In *First of America Trust Co. v. Armstead*, 171 Ill. 2d 282 (1996), this court held that the application of new legislation to pending suits or preexisting causes of action is governed by "the law that applies by its terms at the time of the appeal, unless doing so would interfere with a vested right." *Armstead*, 171 Ill. 2d at 289. Vested rights are "interests that are protected from legislative interference by our due process clause (Ill. Const. 1970, art. I, § 2)." *Armstead*, 171 Ill. 2d at 289. Although "[w]hether a particular expectation rises to the level of a vested right is not capable of precise definition" (*Armstead*, 171 Ill. 2d at 290), a right has not vested until it is "so far perfected that it cannot be taken away by legislation," and so "complete and unconditional" that it "may

be equated with a property interest." *Armstead*, 171 Ill. 2d at 290-91.

We explained in *Armstead* that "where an amendment does not reach back and interfere with vested rights, there is no truly retroactive impact." *Armstead*, 171 Ill. 2d at 289. However, where an amendment takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability in respect of transactions or considerations already past, an amendment is retroactive. *Armstead*, 171 Ill. 2d at 290. Thus, this court concluded in *Armstead* that "[w]here no vested rights are involved, either because they are not yet perfected or because the amendment is procedural in nature, the amendment can be applied to the existing controversy without any retroactive impact." *Armstead*, 171 Ill. 2d at 290.

At issue in this appeal is whether applying the amended section 3—602 to plaintiff's pending cause of action would affect a vested right within the meaning of *Armstead*. The First District, fourth division, and the Fifth District of our appellate court have concluded that application of the amended statute would impair a plaintiff's vested rights to treble damages under section 3—602 prior to the enactment of Public Act 89—197. See *Hernandez v. Woodbridge Nursing Home*, 287 Ill. App. 3d 641 (1st Dist. 1997); *Weimann v. Meadow Manor, Inc.*, 285 Ill. App. 3d 455 (5th Dist. 1996). Both *Hernandez* and *Weimann* found it significant that the amendment was enacted after accrual of the plaintiffs' causes of action and after the plaintiffs had filed their complaints. Those courts ruled that the plaintiffs' right to recover treble damages had been perfected and thus amounted to a vested right. *Hernandez*, 287 Ill. App. 3d at 645; *Weimann*, 285 Ill. App. 3d at 458. *Hernandez* found it additionally significant that under the preamended version

of section 3—602, a plaintiff proving simple negligence could recover treble damages. Characterizing the treble damages award as a form of punitive damages, the *Hernandez* court observed that, as a result of the repeal of the treble damages provision, a plaintiff was required to meet the traditional standard of proving willful and wanton misconduct to obtain punitive damages under the Act. Consequently, the court found that "the amendment amounts to a substantive change in the law and should be applied prospectively." *Hernandez*, 287 Ill. App. 3d at 645.

In the cause at bar, the appellate court explicitly disagreed with the holdings in *Hernandez* and *Weimann* that the plaintiffs had a vested right in the recovery of treble damages, and rejected the reasoning that the timing of the filing of the complaint was determinative in assessing whether a plaintiff possessed a vested right in the treble damages remedy. Instead, the appellate court ruled that because "[t]here is no vested right in any particular remedy or procedure," it follows that "[a] change in law affecting the remedy or procedure will be employed without regard to whether the cause of action accrued before or after the change in the law or when the suit was instituted unless there is a savings clause as to existing legislation." 297 Ill. App. 3d at 687. Additionally, the appellate court disagreed with the conclusion in *Hernandez* that because the amendment of section 3—602 foreclosed a plaintiff from recovering treble damages upon proof of simple negligence, as opposed to proof of willful and wanton misconduct, the repeal of the treble damages provision constituted a substantive change in the law. The appellate court, citing to this court's decision in *Harris v. Manor Healthcare Corp.*, 111 Ill. 2d 350, 366-67 (1986), observed that the treble damages remedy available under the former section 3—602 and an award of punitive damages constituted different and distinct

remedies under the Act. 297 Ill. App. 3d at 687. There-fore, because a plaintiff always had to prove willful and wanton misconduct to recover an award of punitive dam-ages, the appellate court concluded that no substantive change in the law occurred as a result of the amend-ment.

Similar to the appellate court in the instant cause, appellate panels in the Second and Third Districts have also explicitly rejected the reasoning employed in *Hernandez* and *Weimann*, and have concluded that a plaintiff has no vested right in seeking treble damages. See *Ditsworth v. Kankakee Terrace Partnership*, 298 Ill. App. 3d 544 (3d Dist. 1998); *White v. Sunrise Healthcare Corp.*, 295 Ill. App. 3d 296 (2d Dist. 1998). Disagreement has also occurred within the First District of the appellate court. The second division recently ruled in *Parker v. Illinois Masonic Warren Barr Pavilion*, 299 Ill. App. 3d 495 (1998), that the holdings in *Hernandez* and *Weimann* "do not accord with *Armstead*," and that section 3—602 of the Act "is related solely to a remedy and does not af-fect a vested right." *Parker*, 299 Ill. App. 3d at 507. In sum, *Ditsworth*, *White* and *Parker* all hold that because the amendment to section 3—602 affects only the procedures and remedies used to enforce a plaintiff's rights, the provisions of the amended section apply to pending causes of action brought pursuant to the Act.

According to plaintiff, the appellate court in the mat-ter at bar erred when it found that the repeal of the treble damages provision in section 3—602 of the Act constituted a remedial act of the legislature which did not deprive plaintiff of a vested right. Plaintiff urges us to adopt the reasoning of *Hernandez* and *Weimann*, and thereby allow her to recover treble damages pursuant to the preamended version of section 3—602.

We hold that the amendment to section 3—602 of the Act repealing the treble damages provision is related

solely to a remedy and does not affect a vested right. As explained in *Armstead*, not all expectations rise to the level of vested rights. Where a statutory amendment is procedural in nature, no vested rights are involved, and the amendment is properly applied to an existing controversy. *Armstead*, 171 Ill. 2d at 290. It has been well settled for over a century that, prior to judgment, a plaintiff has no vested right to a particular method of procedure or remedy such as the treble damages authorized under the former section 3—602 of the Act. See, *e.g., Woods v. Soucy*, 166 Ill. 407, 414 (1897); *Chicago & Western Indiana R.R. Co. v. Guthrie*, 192 Ill. 579, 581 (1901); *Orlicki v. McCarthy*, 4 Ill. 2d 342, 346 (1954). Furthermore, this court has specifically held that a plaintiff has "no vested right *** to exemplary, punitive, vindictive or aggravated damages." *Smith v. Hill*, 12 Ill. 2d 588, 595 (1958). Because no vested right is affected, the application of the amended version of section 3—602 to plaintiff's pending suit is proper, irrespective of when the cause of action accrued or the complaint was filed.

Plaintiff contends that the legislature's abolition of the right to recover treble damages pursuant to section 3—602 "deprive[s] [her] of a substantial right of action." According to plaintiff, the statutory amendment "alters the elements to be proved in order to recover" on her claim, and denies her the opportunity "to recover punitive damages upon proof of negligence *** as opposed to proof of intentional or wilful misconduct." Contrary to plaintiff's assertions, the repeal of the treble damages provision by the legislature as a result of Public Act 89—197 does not interfere with plaintiff's substantive right to recover against defendant for violations under the Nursing Home Care Act. In order to recover under the Act, a violation of a resident's rights, as enumerated in part 1 of article II of the Act, must be established. See 210 ILCS 45/2—101 through 2—113 (West 1996). The

grounds for recovery have remained unchanged both before and after the amendment to section 3—602, and, therefore, plaintiff's substantive rights have also remained unaffected. Furthermore, plaintiff's claim that she has been deprived of a substantive cause of action because the amended section 3—602 raises the burden of proof a plaintiff must meet in order to recover punitive damages is misplaced. The repeal of one of the remedies available to plaintiff under the Act does not deprive plaintiff of her cause of action. As stated, the amendment alters neither the substance nor the elements of a violation under the Act. The amendment to section 3—602 pertains only to the remedies available to plaintiff once plaintiff has proved her cause of action. Under the amended version of the statute, plaintiff may recover actual damages and attorney fees upon proof of defendant's negligent violations of the Act, and may additionally recover common law punitive damages upon proof of willful and wanton misconduct on the part of defendant.

Plaintiff's reliance on *Hogan v. Bleeker*, 29 Ill. 2d 181, 187 (1963), is unavailing. *Hogan* is factually distinguishable and inapposite to the cause at bar. Unlike the plaintiff in *Hogan*, plaintiff in the cause at bar has not suffered a deprivation of vested rights as a result of the application of the amended section 3—602 to her suit. As explained above, plaintiff's right to pursue her cause of action under the Act is unaffected by the amendment, and several remedies remain available for enforcement of plaintiff's rights.

It is well established that a plaintiff has "no vested right in the mere continuance of a law." *Armstead*, 171 Ill. 2d at 291. It is likewise well established that "[t]he legislature has an ongoing right to amend a statute." *Armstead*, 171 Ill. 2d at 291. The legislature has exercised this right by eliminating the statutory provision for treble damages in section 3—602 of the Act and by not

including a savings clause as to existing litigation. This statutory amendment does not infringe upon a vested right possessed by plaintiff, as it only alters the remedies available for plaintiff's cause of action. To the extent that *Hernandez* and *Weimann* hold otherwise, those decisions are overruled.

## CONCLUSION

For the foregoing reasons, we conclude that amended section 3—602 of the Nursing Home Care Act does not affect vested rights. Accordingly, the amendment is to be applied to pending claims arising under the Act. The judgment of the appellate court is affirmed.

*Affirmed.*