*In re* MARRIAGE OF MICHELLE DEL GIUDICE, Petitioner, and GERARD DEL GIUDICE, Respondent (Gerard R. Del Giudice, Jr., *et al.*, Third-Party Defendants-Appellees; Terry Cullerton, a/k/a Terry Cullerton Brown, *et al.*, Third-Party Defendants; John C. Santee *et al.*, Judgment Creditors-Appellants).

First District (6th Division)    No. 1—95—3568

Opinion filed March 14, 1997.

CAHILL, J., dissenting.

John C. Santee, of Arlington Heights, for appellants.

Steven B. Bashaw, of McBride, Baker & Coles, of Chicago, for appellees.

JUSTICE THEIS delivered the opinion of the court:

In this appeal we are asked to decide whether the retitling of marital property from joint tenancy to tenancy in the entirety can be a fraudulent transfer under the Uniform Fraudulent Transfer Act. 740 ILCS 160/1 *et seq.* (West 1994). We find that it can and remand for further proceedings.

This action arises out of a dissolution of marriage proceeding. In the post-judgment decree, third-party defendant Gerard R. Del Giudice guaranteed the payment of attorney fees arising from his son's divorce action. On November 23, 1994, the court entered judgment against Del Giudice in the amount of $40,000. On December 21, 1994, a direction to levy was filed against Del Giudice's marital home, which Del Giudice and his wife held as joint tenants.

On February 15, 1995, the judgment creditors sent a notice of sheriff's sale set for April 18, 1995, to Del Giudice. However, on February 28, 1995, Del Giudice and his wife executed a warranty deed retitling their home from joint tenancy to tenancy by the entirety. The deed was recorded on March 8, 1995. Although Del Giudice's attorney had several conversations with the creditors between January and April of 1995, the creditors were not made aware of the retitling until Del Giudice filed an emergency petition to restrain the levy sale of his home. Del Giudice's emergency petition was based upon the statutory exemption from sale to satisfy a judgment entered against only one of the tenants of real estate held in tenancy by the entirety.

The creditors filed a motion to strike Del Giudice's petition. The trial court relied on *E.J. McKernan Co. v. Gregory*, 268 Ill. App. 3d 383, 643 N.E.2d 1370 (1994), and denied the creditors' motion. The trial court granted the emergency petition, issuing a permanent injunction restraining the levy sale of Del Giudice's home. The creditors filed a timely notice of appeal and we reverse.

On appeal, the creditors argue that: (1) retitling the home constituted a fraudulent transfer under the Illinois Uniform Fraudulent Transfer Act (Transfer Act) (740 ILCS 160/1 *et seq.* (West 1994)); (2) the trial court erred in failing to consider whether Del Giudice should have been equitably estopped from obtaining injunctive relief enjoining the sheriff's sale; and (3) the trial court erred in failing to consider whether the third-party defendants should have been barred form obtaining injunctive relief on the basis of the equitable doctrine of *laches* and unclean hands. Because we find that Del Giudice's transfer could have violated the Transfer Act, we need not address the creditors' other arguments.

■ The trial court initially found that the Del Giudices' home was protected under section 12—112 of the Illinois Code of Civil Procedure, which provides:

"Any real property held in tenancy by the entirety shall not be liable to be sold upon judgment entered on or after October 1, 1990 against only one of the tenants." 735 ILCS 5/12—112 (West 1994).

Unlike joint tenancy, tenancy by the entirety is available only to married couples and their homestead property. The tenancy by the entirety statute provides:

"Whenever a devise, conveyance, assignment, or other transfer of homestead property maintained *** as a homestead by both husband and wife together during coverture shall be made and the instrument *** expressly declares that the devise or conveyance is made to persons *** not as joint tenants or tenants in common but as tenants by the entirety, the estate created shall be deemed to be in tenancy by the entirety." 765 ILCS 1005/1c (West 1994).

■ The creditors argued that the Transfer Act may be applied to Del Giudice's retitling of his marital home. See 740 ILCS 160/1 *et seq.* (West 1994). Section 5(a)(1) of the Transfer Act provides:

"(a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

(1) with actual intent to hinder, delay, or defraud any creditor ***." 740 ILCS 160/5(a)(1) (West 1994).

Section 5(b) of the Transfer Act lists 11 criteria for determining actual intent.

The trial court refused to apply the Transfer Act. The trial court relied upon the reasoning of the court in *E.J. McKernan Co. v. Gregory*, 268 Ill. App. 3d 383, 643 N.E.2d 1370 (1994), which stated that "intent is irrelevant in a tenancy by the entirety conveyance because it simply cannot be fraudulent to engage in conduct that is specifi-

cally and unambiguously sanctioned by statute." *E.J. McKernan*, 268 Ill. App. 3d at 390, 643 N.E.2d at 1374-75.

We respectfully disagree with the *McKernan* court. We find the purpose of the Uniform Fraudulent Transfer Act is to invalidate otherwise sanctioned transactions made with a fraudulent intent. Courts have found that other transactions, which were otherwise lawful, violated the Transfer Act. *Kennedy v. Four Boys Labor Services, Inc.*, 279 Ill. App. 3d 361, 664 N.E.2d 1088 (1996). For example, in *Johnson v. Marshall & Huschart Machinery Co.*, 66 Ill. App. 3d 766, 384 N.E.2d 141 (1978), this court found that transfers made for the purpose of shielding assets from creditors that are sanctioned by statute, such as the transfer of an individual's assets to a limited liability corporation, can constitute a fraudulent conveyance if the property is transferred after a judgment is rendered against the individual. *Johnson*, 66 Ill. App. 3d 766, 384 N.E.2d 141. See also *Steel Co. v. Morgan Marshall Industries, Inc.*, 278 Ill. App. 3d 241, 662 N.E.2d 595 (1996).

■ Similarly, we find that even though the tenancy by the entirety statute permits married couples to convey marital property to that estate, such transfers may still be fraudulent. We acknowledge that the legislature found it appropriate to enable married couples to shield their marital home from the creditors of one spouse. However, there is no indication from either the plain language of the statute or the legislative history that the legislature intended to include fraudulent conduct within the scope of the afforded protections. 765 ILCS 1005/1c (West 1994).

Alternatively, Del Giudice argues that the retitling of the property cannot constitute a transfer under the Transfer Act. Del Giudice claims that he and his wife were merely rearranging the ownership of the property as authorized under the tenancy by the entirety statute. The Transfer Act defines a transfer as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset, and includes payment of money, release, lease, and creation of a lien or other encumbrance." 740 ILCS 160/2(l) (West 1994). We find that the Del Giudices' retitling of their property satisfies this definition.

Historically, husbands and wives were required to convey their joint tenancy interests to a strawman, who would then convey the property back to the husband and wife as tenants by the entirety. R. Cunningham, W. Stoebuck & D. Whitman, The Law of Property § 5.5, at 212-13 (1984). While the current tenancy by the entirety statute no longer requires the use of a strawman, we find that the statute's simplification of this process did not change the nature of the trans-

action. See 765 ILCS 1005/1c (West 1994). Rather, retitling property from joint tenancy to tenancy of the entirety is still a conveyance and therefore satisfies the requirements of the Transfer Act. See R. Cunningham, W. Stoebuck & D. Whitman, The Law of Property § 5.5, at 212-13 (1984).

We find that the trial court erred in holding that Del Giudice's retitling of the property could not be fraudulent under the Transfer Act. Therefore, we remand for further proceedings consistent with this opinion.

Reversed and remanded.

O'BRIEN, J., concurs.

JUSTICE CAHILL, dissenting:

I respectfully dissent. The reasoning in *McKernan ·v. Gregory*, rejected by the majority, is grounded in the only public policy that could have inspired the legislature to enact Public Act 86—966 (Pub. Act 86—966, eff. October 1, 1990): to shield a primary residence from the creditors of one spouse. We need not appeal to Dickensian tales of small children hurled into the winter night by the rapacious creditors of one profligate parent to lend weight to legislative intent. It is enough that the legislature thought it was good idea. I would follow *McKernan* and affirm the trial court.