**In re Edwin STACY, Debtor.**

**David R. BROWN, Trustee, Plaintiff,**

**v.**

**Edwin STACY and Marie Stacy, Defendants.**

**Bankruptcy Nos. 96 B 23596, 98 C 0663. Adversary No. 97 A 1018.**

United States District Court,
N.D. Illinois,
Eastern Division.

July 30, 1998.

John V. Del Gaudio, Attorney at Law, Chicago, IL, for appellants.

Brian J. Wanca, Anderson & Wanca, Rolling Meadows, IL, for appellee.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Defendants Edwin and Marie Stacy appeal from an order of the Bankruptcy Court denying their motion to dismiss an adversary action brought against them by Edwin's Chapter 7 Trustee. For the reasons set forth below, the Bankruptcy Court order is reversed and the case is remanded for further proceedings.

## BACKGROUND

On May 2, 1993, Days Inn of America, Inc. filed a breach of contract action against LLSW, Inc., and a breach of guaranty action against defendant Edwin Stacy and other individuals and the Circuit Court of DuPage County. While that action was pending, but after a judgment had been entered against the primary obligor LLSW, on November 21, 1994, Edwin and Marie transferred their residence in Hinsdale, Illinois from a land trust, in which they owned beneficial interest, to tenancy by the entirety. On September 16, 1996, Days Inn received a judgment against Edwin Stacy in the amount of $328,586.37, and was later awarded attorney's fees in the amount of $109,520.79.

Edwin Stacy filed a Chapter 13 action, which was converted into a Chapter 7 proceeding. In that action Edwin claimed the residence as exempt pursuant to 11 U.S.C. § 522(2b)(B) and the Illinois tenancy by entirety statute 735 ILCS 5/12–112 (" § 12–112"). The Chapter 7 Trustee, David Brown, then filed an the adversary action against defendants seeking: 1) to avoid the transfer of the residence into tenancy by the entirety pursuant to 11 U.S.C. § 544(b) and the Illinois Uniform Fraudulent Transfer Act ("UFTA"), 740 ILCS 160/1 *et seq.;* and 2), based on that avoidance, a denial of Edwin's claim for exemption. Defendants moved to dismiss, arguing that the UFTA is inapplicable to transfers of property to tenancy by the entirety and that any claim that the transfer is avoidable must be analyzed under the standards prescribed by § 12–112. Judge Squires denied the motion to dismiss based on his opinion in a similar case, *In re Gillissie,* 215 B.R. 370 (Bkrtcy.N.D.Ill.1997).

Defendants filed a motion to appeal that order, which this court granted on April 3, 1998. At that time, the court ordered supplemental briefs on the difference in the standards to be applied under the UFTA and § 12–112, and why if defendants are correct, a simple amendment adding allegations of a

violation under § 12–112 would not cure the alleged deficiencies in the complaint. All briefs have been filed and the appeal is ripe for resolution.

### DISCUSSION

In 1989 Illinois passed a statute creating tenancy by the entirety as to homestead property owned by spouses. At the time defendants affected the transfer of the Hinsdale property from the land trust into tenancy by the entirety, § 12–112 provided:

> All the lands, tenements, real estate, goods and chattels (except such as is by law declared to be exempt) of every person against whom any judgment has been or shall be hereafter entered in any court, for any debt, damages, costs, or other sum of money, shall be liable to be sold upon such judgment. Any real property, or any beneficial interest in a land trust, held in tenancy by the entirety shall not be liable to be sold upon judgment entered on or after October 1, 1990 against only one of the tenants. However, any income from such property shall be subject to garnishment as provided in Part 7 of this Article XII, whether judgment has been entered against one or both of the tenants.

Whether the UFTA, 740 ILCS 160/5, which provides in relevant part that "a transfer made ... by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made, or the obligation was incurred, if the debtor made the transfer ... (1) with actual intent to hinder, delay or defraud any creditor of a debtor ...," applied to the original version of 12–112 is unclear and became the subject of differing judicial opinions. In *E.J. McKernan Co. v. Gregory*, 268 Ill.App.3d 383, 390, 205 Ill.Dec. 763, 643 N.E.2d 1370 (2d Dist. 1994), the defendant transferred title to his home from joint tenancy with his wife to tenancy in the entirety after a judgment had been entered against him and sale proceedings had begun. The defendant moved to restrain the sale, which the trial court denied. On appeal, the court attempted to reconcile the UFTA and 12–112, which appeared to be conflicting statutes. In con-cluding that the UFTA did not apply, the court held:

> We conclude that the Transfer Act and the tenancy by the entirety statutes contain no conflicts. The Transfer Act forbids transfers made with the 'actual intent' to hinder, delay, or defraud. However, intent is irrelevant in a tenancy by the entirety conveyance because it simply cannot be fraudulent to engage in conduct that is specifically and unambiguously sanctioned by statute. A plain reading of the tenancy by the entirety statutes makes it clear that no mental state is required to use the tenancy's protection. There are no limitations or qualifications on the use of the tenancy, other than that the real property be held by a married couple during coverture and that the property be the couple's 'homestead..' Additionally, the statute provides that only those judgments entered against the debtor on or after October 1, 1990, are subject to the exemption. The defendant has met all of the statutory requirements.

Almost three years later, on March 14, 1997, the First District of the Appellate Court in *In re Marriage of Del Giudice*, 287 Ill.App.3d 215, 218, 222 Ill.Dec. 640, 678 N.E.2d 47 (1st Dist.1997), a case with similar facts, disagreed with *McKernan*, stating:

> We respectfully disagree with the *McKernan* court. We find the purpose of the Uniform Transfer Act is to invalidate otherwise sanctioned transactions made with a fraudulent intent. Courts have found that other transactions, which were otherwise lawful, violated the Transfer Act. (citation omitted). For example, in *Johnson v. Marshal [Marshall] & Hushart [Huschart] Machinery Co.*, 66 Ill.App.3d 766, 23 Ill.Dec. 505, 384 N.E.2d 141 (1978), this court found that transfers made for the purpose of shielding assets from creditors which are sanctioned by statute, such as the transfer of a individual's assets to a limited liability corporation, can constitute a fraudulent conveyance if the property is transferred after a judgment is rendered against the individual. (citation omitted). Similarly, we find that even though the tenancy by the entirety statute permits married couples to convey marital proper-

ty to that estate, such transfers may still be fraudulent. We acknowledge that the legislature found it appropriate to enable married couples to shield their marital home from the creditors of one spouse. However, there is no indication from either the plain language of the statute nor the legislative history that the legislature intended to include fraudulent conduct within the scope of the afforded protections.

As a result of this conflict, and in particular the result in *McKernan*, in 1997 the legislature amended § 12–112 to provide as follows:

all the lands, tenements, real estate, goods and chattels (except as is by law declared to be exempt) of every person against whom any judgment has been or shall be hereafter entered in any court, for any debt, damages, costs, or other sum of money, shall be liable to be sold upon such judgment. Any real property, or any beneficial interest in a land trust, held in tenancy by the entirety shall not be liable to be sold upon judgment entered on or after October 1, 1990 against only one of the tenants, *except if the property was transferred into tenancy by the entirety with the sole intent to avoid the payment of debts existing at the time of the transfer beyond the transferor's ability to pay those debts as they become due.* (emphasis supplied indicating the amended language).

On December 15, 1997, four months after the August 22, 1997, effective date of the amendment, Judge Squires decided *Gillissie,* the case upon which he relied in denying defendants' motion to dismiss. In *Gillissie,* the debtor and his spouse transferred their home from joint tenancy into tenancy by the entirety after a demand had been made upon the debtor and a lawsuit threatened if payment was not made within ten days. After the debtor filed a Chapter 7 petition, the trustee objected to the debtor's claim of exemption and filed an adversary proceeding to avoid the transfer and sell the property. The parties stipulated that the primary intent of the debtor in transferring the property was to protect his home from creditors. Judge Squires, after reviewing the decisions in *McKernan* and *Del Giudice* and the recent

amendment, concluded that *Del Giudice* was the better approach and that the UFTA applied. He found that some transfers were avoidable and some were not depending upon the facts and circumstances. This view "appears to comport with the recent amendment to § 12–112, which obviously was intended to carve an exception to the limited protection otherwise afforded by that section—those transfers made with the sole intent to avoid the payment of existing debts then beyond the transferor's ability to pay as they become due." *Gillissie,* 215 B.R. at 378. Judge Squires then rejected the debtor's argument that the UFTA did not apply because there is no reference to it in the tenancy by the entirety act, concluding that the legislative history of the amendment indicates that the UFTA was considered. He then applied the actual fraud standard of the UFTA and, after examining the indicators of fraud set forth in 740 ILCS 160/5(b), found an inference of fraud and concluded that "there is no doubt in the court's mind that the transfer was effectuated to attempt to insulate the property from [the creditors'] claims against the debtor." *Id.* at 379. The court then reached what it termed the more difficult question: whether the conveyance was made by the debtor with the sole intent to avoid paying his debts as they existed and as they became due. The court found that it was, thus concluding that the transfer was avoidable under § 12–112 as well as the UFTA. *Id.* at 379.

Judge Squires' decision in *Gillissie* formed the basis for the decision in *In re Whittom,* 220 B.R. 365 (Bkrtcy.C.D.Ill.1998), in which the debtor and his wife executed a quit claim deed to their home transferring title from joint tenancy to tenancy by the entirety after a lawsuit was filed but prior to entry of judgment. After reviewing *McKernan* and *Del Giudice,* the *Whittom* court agreed with Judge Squires that *Del Giudice* was the better reasoned opinion. The court then stated that "with the amendment to the section in 1977, the standard of avoidability is clear." Rather than determine whether the 1997 amendment applied retroactively, however, the court analyzed the case under both what it termed the old UFTA actual intent standard and the current "sole intent" standard set forth in § 12–112, coming to the same

conclusion under both. Thus, although both *Gillissie* and *Whittom* indicate that the 1997 amendment should be applied retroactively, neither case so held.

In the instant case, defendants argue that because the amended § 12–112 must be applied, the UFTA is inapplicable and the motion to dismiss should have been granted. The court agrees. As noted by Judge Squires in *Gillissie,* and in *Whittom,* the amendment contains a declaration that it was a clarification of existing law, not a change in the law, thereby indicating an intent that it would be applied retroactively. Moreover, under *First of America Trust Co. v. Armstead,* 171 Ill.2d 282, 290, 215 Ill.Dec. 639, 664 N.E.2d 36 (1996), this court must apply the law as it exists at the time of the decision unless to do so would interfere with the parties' vested right. Accordingly, the court concludes that the amendment is applicable. It is also clear, as the *Whittom* court noted, that once it is determined that the amendment applies, the question of whether property held in tenancy by the entirety shall be liable to be sold upon judgment entered against only one of the tenants is to be determined by the "sole intent" standard set forth in the amendment. *See Whittom,* 220 .B.R. at 369–70.

As defendants argue, the standard to be applied under § 12–112 and UFTA are substantially different. First, under the UFTA, a creditor need only demonstrate that the debtor transferred the property with the actual intent to hinder, dely or defraud any of his creditors. 740 ILCS 160/5(a)(1). Subsection 5(b) lists eleven indicators of actual intent. When a sufficient number of these indicators or "badges of fraud" are present, the court may infer fraud. *Steel Co. v. Morgan Marshall Indus. Inc.,* 278 Ill. App.3d 241, 251, 214 Ill.Dec. 1029, 662 N.E.2d 595 (1996).

Section 12–112, however, limits execution against the property to those instances where the debtor's *sole* intent in transferring the property was to avoid paying then existing debts when they became due. Thus, to avoid a transfer under § 12–112, the creditor must prove, (1) that the debtor was unable to pay existing debts as they became due, and (2) that the debtor transferred the property to a tenancy by the entirety for the sole, exclusive purpose of avoiding those debts. Because it is possible for a debtor to transfer the property in violation of the UFTA for more than one reason, one of which is to hinder a creditor, the standards prescribed by the UFTA and § 12–112 cannot be equated.

It is unclear why the Illinois General Assembly provided a different standard in § 12–112 than it has under the UFTA, or why it did not simply refer to the UFTA in the 1997 amendment. Perhaps the legislature, reacting to the *McKernan* analysis that every transfer into tenancy by the entirety would violate the UFTA because the very purpose of the transfer is to protect the homestead from creditors, decided to restrict the exception in § 12–112 to a narrow range of cases in which the creditor could prove · that the transfer served no purpose other than to avoid the transferor's debts as they became due.

What is clear, however, is that § 12–112 sets forth the standard to be used. Because plaintiff's complaint fails even to reference § 12–112 and is brought entirely pursuant to the UFTA, the motion to dismiss should have been granted. Whether plaintiff can state a claim under § 12–112, particularly in light of defendants' argument that the amendment applies only to transfers made after judgment has been entered, or even if there is an applied right of action under § 12–112, is something that should be addressed only when and if an amended complaint has been filed.

### CONCLUSION

For the reasons set forth above, the order of the Bankruptcy Court is reversed and this case is remanded for proceedings consistent with this opinion.